*In re* SUPPORT OF MARCELLA L. BOWMAN, Respondent-Appellee.—(THOMAS A. BOWMAN, Petitioner-Appellant.)

Fourth District     No. 16180

Opinion filed October 14, 1980.

Michael B. Metnick, of Springfield, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Petitioner-husband brought an action to modify a marital settlement agreement which was incorporated in a 1976 decree of divorce. Respondent-wife filed a counterpetition for modification. The trial court denied both petitions. In his memorandum, the trial judge said that the marital settlement agreement was legally tantamount to an express preclusion against modification of the decree in regard to alimony.

The relevant portions of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 502(f), 510(a)) read:

"(f) Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit

modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of the judgment." Ill. Rev. Stat. 1979, ch. 40, par. 502(f).

"(a) Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." Ill. Rev. Stat. 1979, ch. 40, par. 510(a).

The relevant portion of the parties' marital settlement agreement states:

"5. The parties hereto consider it to their best interests to settle between themselves the questions of alimony and support for the Wife.

NOW, THEREFORE, in consideration of the mutual and several promises herein contained and for other good and valuable consideration, the parties do hereby freely and voluntarily agree as follows:

* * *

8. Husband agrees to pay to Wife as and for her allowance for support and maintenance the sum of $6,000.00 per year payable in equal monthly installments of $500.00 each, payable on the first day of each month, beginning on April 1, 1976. The monthly payments to Wife for her support and maintenance shall continue until her death or remarriage."

On appeal, the petitioner claims that the trial court erred when it refused to allow an evidentiary hearing for the purpose of determining whether there was a sufficient change of circumstances to allow modification of the divorce decree. The petitioner claims that the separation agreement does not expressly preclude or limit modification of its terms. We agree and reverse the decision of the trial court.

■■ The petitioner correctly cites *Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 392 N.E.2d 421, where the former husband petitioned to modify child support payments and to terminate periodic alimony payments made pursuant to a property settlement agreement. The settlement agreement was similar to the one in the instant case except that the parties agreed to settle their respective rights *now and forever*. The Fifth District said that

the language was precatory only and was not the express preclusion of modification contemplated in section 502(f). We choose to follow the reasoning of *Dull* and find that the agreement in the case before us may be modified if the trial court finds the existence of conditions which would warrant modification.

Language which has been held to preclude a modification of the parties' alimony agreement was generally much stronger and more specific than the language used here. In *Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 396 N.E.2d 631, a divorce decree providing that "in no event is the amount of alimony to be modifiable except for the death or remarriage of Wife" was held to be unmodifiable. This type of language is not present in the case at bar.

■■ The courts of this State have long made a distinction between a property settlement in kind, sometimes referred to as alimony in gross, which requires no periodic payments, and a settlement which does require future payments of alimony (now maintenance) or of child support. In the former situation the courts have viewed the matter as a contractual right and refused to interfere in the absence of fraud, duress or some other form of over-reaching. (Compare *Zeeb v. Zeeb* (1979), 76 Ill. App. 3d 894, 395 N.E.2d 660.) In the latter case, that of periodic payments, a court has the authority to intervene at any time. (*Adler v. Adler* (1940), 373 Ill. 361, 371, 26 N.E.2d 504, 509.) Section 510(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)) only synthesizes this doctrine.

We therefore reverse the judgment of the trial court and remand for an evidentiary hearing.

Reversed and remanded with directions.

MILLS, P. J., and CRAVEN, J., concur.