*In re* MARRIAGE OF RICHARD H. McFARLANE, Petitioner-Appellant and Cross-Appellee, and SIRI E. McFARLANE, Respondent-Appellee and Cross-Appellant.

Second District No. 2—86—1076

Opinion filed September 18, 1987.

Harry Schaffner and Colette C. Anderson, both of Schaffner & Associates, Chartered, of West Dundee, for appellant.

Wayne F. Weiler, James C. James III, and Lambert M. Ochsenschlager, all of Reid, Ochsenschlager, Piccony & Weiler, of Aurora, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

In this post-dissolution action, petitioner, Richard H. McFarlane, seeks the termination or modification of support payments being paid to respondent, Siri E. McFarlane, pursuant to a marital settlement agreement (agreement) entered into between the parties at the time of their divorce. At issue is whether the terms of the agreement preclude its modification. The trial court held that they did. We affirm.

On October 5, 1976, the parties entered into a marital settlement agreement which was incorporated into the judgment of divorce subsequently entered on October 25, 1976. The agreement provided, in pertinent part, as follows:

"6. Allowance for Wife. Richard shall pay to Siri as and for her allowance for her support and maintenance the sum of Two Thousand Eight Hundred Dollars ($2,800.00) per month for each and every month after the effective date of this Agreement, and until terminated as hereinafter provided, the first of such Two Thousand Eight Hundred Dollars [sic] ($2,800.00) monthly installments being due and payable on the first day of the month next following the effective date of this Agreement. These monthly payments to Siri of her allowance shall continue until the first to happen of the following:

(a) The death of Siri;

(b) The death of Richard after the fifth anniversary of any divorce between the parties; or

(c) The remarriage of Siri after the date of the fifth anniversary of any Decree of Divorce granted one party from the other.

For the purposes of this Agreement, 'remarriage' shall be considered to include the participation by Siri as a principal in any marriage ceremony that is performed even if that marriage be void or voidable and despite any subsequent annulment thereof.

All of the payments to be made by Richard to Siri pursuant to this paragraph will be periodic payments in discharge of a legal obligation, which, because of the marital or family relationship, is imposed on or incurred by Richard under a written instrument incident to a divorce, all within the meaning and intendment of Sections 71(a) and 215 of the Federal Revenue Code of 1954, as amended, and as now in effect, and of any similar provisions of future laws, and that such payments will be includable in Siri's gross income pursuant to Section 71(a) and will be deductable [sic] by Richard pursuant to said Section

215 in determining their respective taxable incomes.

In the event of his death or her remarriage prior to the fifth anniversary of a divorce decree between these parties, alimony payments will continue and will be allowed as a claim against his estate up to but not after the said fifth anniversary of any divorce decree.

\* \* \*

12. Wife's Income and Form. Richard agrees that he will not urge or advance any future income or earnings of Siri from any source as a basis for Richard's seeking a reduction in the amount he is obligated to pay hereunder or in connection with any undertakings assumed by him. So long as Richard shall make these payments required in connection with the support, maintenance and education of the Children of the parties, he alone shall have the right to claim the Children for whom he is making such payments as his dependents for Federal Income Tax.

13. Counsel Fees. Parties hereto agree to each pay their own attorney's fees; however, in the event Richard wilfully or unreasonably fails to duly perform his financial and other undertakings hereunder, and as a result Siri incurs any expenses including legal fees to enforce the provisions and terms of this Agreement, Richard shall indemnify her against and hold her harmless from any such expenses."

On November 25, 1985, petitioner filed a petition to amend the judgment of divorce and marital settlement agreement. The petition sought termination or reduction of the payments provided for in paragraph six of the agreement based on a change of circumstances between the parties due to respondent's failure to rehabilitate herself pursuant to section 504 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1985, ch. 40, par. 504).

Respondent filed a motion to strike and dismiss the petition. In response, petitioner filed a motion to strike respondent's motion. Petitioner's motion to strike was denied by the trial court on March 14, 1986. Petitioner subsequently filed a motion to vacate the portion of the March 14, 1986, order denying his motion to strike. That motion was denied on May 1, 1986.

On March 26, 1986, respondent filed a motion for summary judgment. The trial court subsequently entered an order requiring respondent to file a brief in support of her motion for summary judgment and for petitioner to file his responsive brief. Respondent then filed a supplemental motion for summary judgment and a brief in sup-

port of that motion. Respondent argued that (1) paragraph six of the agreement was not modifiable; (2) the agreement precluded modification on the grounds alleged in petitioner's petition; and (3) alternatively, the payments were not alimony, but rather, a property settlement in lieu of alimony which is not modifiable pursuant to section 801 of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 801). Petitioner responded that the payments were periodic or ordinary alimony payments subject to modification. Petitioner further responded that paragraph 12 of the agreement, which precludes modification based on respondent's future income, did not preclude modification based on respondent's failure to rehabilitate herself pursuant to statute.

On June 20, 1986, the trial court rendered an oral opinion granting respondent's supplemental motion for summary judgment. The court found that the provisions of the agreement were not ambiguous and that the payments were in the nature of a property settlement and could not be modified. That same day, the trial court entered an order in accordance with that opinion. Subsequently, petitioner filed his motion for post-judgment relief.

On July 1, 1986, respondent filed her petition for attorney fees and costs pursuant to paragraph 13 of the agreement and section 508 of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 508). Respondent sought $20,015.55. Petitioner responded, and hearings were held during which testimony was taken regarding the parties' financial resources and the reasonableness of the fees charged. The trial court subsequently filed a letter opinion finding that petitioner should contribute $7,500 toward respondent's attorney fees and costs. On November 3, 1986, the trial court entered a final order in accordance with that opinion. That order further denied petitioner's motion for post-judgment relief.

Petitioner appeals from the orders entered on March 14, 1986; May 1, 1986; June 20, 1986; and November 3, 1986. Respondent cross-appeals from the final order of November 3, 1986, contesting the amount of attorney fees awarded to her on her petition for fees.

PETITIONER'S APPEAL

Petitioner first contends that the trial court erred when it entered summary judgment in favor of respondent. We disagree.

At issue in the trial court was whether the provisions of the agreement precluded modification of paragraph six, relating to support payments being made to respondent.

■■ ■ A maintenance agreement may not be modified where there is a clear expression of intent by the parties to preclude its

modification. *(Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 743.) Similarly, a property settlement in lieu of alimony is not modifiable. *Ihle v. Ihle* (1981), 92 Ill. App. 3d 893, 895; see also Ill. Rev. Stat. 1985, ch. 40, par. 801.

Relying on this court's decision in *Simmons*, the trial court found that the provisions of the agreement in the present case were not ambiguous, noting that the parties settled on an amount of monthly maintenance and set forth in detail how it was to end. The court concluded that the payments were in the form of a property settlement in lieu of alimony which could not be modified. The court apparently made its determination based on the fact that paragraph six set a sum certain payable per month which was not to be terminated until the occurrence of one of three events, including respondent's death, petitioner's death after the fifth anniversary of any divorce between the parties, or respondent's remarriage after the fifth anniversary of any divorce between the parties.

In *Simmons*, this court held that language in a settlement agreement providing that "in no event is the amount of alimony to be modifiable except for death or remarriage of the wife" was a clear expression of an intent to severely restrict modification of the parties' agreement on alimony. *Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 743. But *cf. In re Support of Bowman* (1980), 89 Ill. App. 3d 110, 111-12 (wherein the court held that language in a settlement agreement providing that payments to the wife "shall continue until her death or remarriage" was not strong or specific enough to preclude its modification).

We need not address whether the trial court correctly relied on *Simmons* when it held that paragraph six of the agreement was not modifiable. Our disposition does not rest on whether paragraph six "expressly" precluded modification or was not modifiable as a property settlement in lieu of alimony. Even if the agreement in the instant action were modifiable, we find that it could not be modified on the grounds alleged in petitioner's petition.

■ It is well settled that a reviewing court is not bound by the reasons given by the trial court for its judgment. (*Alexander v. De-Paepe* (1986), 148 Ill. App. 3d 831, 836.) The lower court's judgment may be sustained upon any ground warranted in the record, regardless of whether it was relied on by the trial court. (148 Ill. App. 3d 831, 836.) The reasons given by a trial court for an order, or the findings on which an order is based, are not material if the order is correct. 148 Ill. App. 3d 831, 836.

■ In the instant action, petitioner sought modification or termi-

nation of the maintenance payments on the grounds that there had been a substantial change in circumstances between the parties—petitioner having paid respondent $2,800 a month for more than nine years, and respondent having failed to rehabilitate and support herself in that period of time. While we recognize that the recipient of maintenance now has an affirmative duty to rehabilitate herself pursuant to section 504 of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 504), paragraph 12 of the agreement entered into between the parties precludes petitioner from seeking modification of the maintenance on those grounds. Specifically, paragraph 12 provides:

> "12. Wife's Income and Form. Richard agrees that he will not urge or advance any future income or earnings of Siri from any source as a basis of Richard's seeking a reduction in the amount he is obligated to pay hereunder or in connection with any undertakings assumed by him."

Petitioner argues that his petition seeks modification, not on the basis of respondent's future income or earnings as precluded by paragraph 12, but rather, on the statutory grounds that respondent has failed to rehabilitate herself and provide her own support. This is certainly a distinction without a difference. Even if respondent had rehabilitated herself and was capable of providing for her own support, paragraph 12 would preclude petitioner from asserting the future income she received as a result of that rehabilitation as grounds for seeking a reduction in the support payments.

Therefore, even if the provisions of the agreement were modifiable, they would not be modifiable on the grounds asserted by petitioner's petition. Accordingly, the trial court correctly held in favor of respondent on respondent's motion for summary judgment.

Petitioner also contends that the trial court erred in denying his motion to strike respondent's motion to strike and dismiss the petition. We disagree.

■ Petitioner's motion to strike alleged that respondent's motion failed to designate the section of the statute under which it was being brought. The failure to designate the section of the statute under which a motion is brought is not necessarily fatal. (*Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642.) Such a failure would require reversal only where the nonmovant is prejudiced as a result. 115 Ill. App. 3d 638, 642.

■ In the instant action, petitioner was not prejudiced by respondent's failure to designate the section of the statute under which she brought her motion. Although the court denied petitioner's motion to strike respondent's motion, the record indicates that the trial court

resisted respondent's attempt to let her motion stand as a motion for summary judgment. Respondent filed a separate motion for summary judgment, and a briefing schedule was set within which petitioner participated. Respondent subsequently filed a supplemental motion for summary judgment, and the case was decided on that supplemental motion. The record reflects no ruling made on respondent's motion to strike and dismiss. Accordingly, we find no prejudice.

## RESPONDENT'S CROSS-APPEAL

Respondent contends that the trial court erred in awarding only $7,500 of her attorney fees and costs, which totalled $20,015.55. We disagree.

Respondent's petition for fees sought an award under two theories—contract enforcement and section 508 of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 508). Pursuant to the contract enforcement theory, respondent contends that paragraph 13 of the agreement requires petitioner to pay respondent's attorney fees. Paragraph 13 provides:

> "13. Counsel Fees. Parties hereto agree to each pay their own attorney's fees; however, in the event Richard wilfully or unreasonably fails to duly perform his financial and other undertakings hereunder and as a result Siri incurs any expenses including legal fees to enforce the provisions and terms of this Agreement, Richard shall indemnify her against and hold her harmless from any such expenses."

Respondent argues that even though petitioner has continued to perform under the agreement, the fees incurred by respondent as a result of petitioner's attempt to modify the agreement were contemplated by paragraph 13. Respondent contends that petitioner "agreed to pay any expenses and fees incurred to enforce the terms and provisions of the agreement."

However, the entire text of paragraph 13 indicates that petitioner will pay the fees incurred by respondent to enforce the agreement only where petitioner "wilfully or unreasonably *fails to duly perform* his financial and other undertakings." Petitioner has continued to perform his undertakings, and his act of bringing a petition to modify or terminate maintenance payments should not be considered a failure to perform.

Respondent also seeks fees pursuant to section 508 of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 508). Section 508 provides that a trial court may, after considering the financial resources of the parties, order either spouse to pay a reasonable amount for attorney fees

necessarily incurred by the other spouse in any proceedings brought pursuant to the IMDMA. Ill. Rev. Stat. 1985, ch. 40, par. 508.

 The court may order an ex-spouse to pay such fees where the party seeking payment demonstrates her own financial inability to pay them and the ability of her ex-spouse to pay the fees. (*In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 916.) A party's inability to pay fees need not amount to destitution. (136 Ill. App. 3d 907, 916.) In making the award of fees, the trial court should consider the attorney's skill and standing; the nature of the controversy and the novelty and difficulty of the issues the case presents; the importance of the subject matter from the perspective of family law; the degree of responsibility involved in the management of the case; the time required and labor expended; the customary charge in the community; and the benefits the client derived from the representation. (136 Ill. App. 3d 907, 917.) The court is not bound to accept the attorney's opinion of what constitutes a reasonable fee, but must inquire into all the necessary factors. (136 Ill. App. 3d 907, 917.) The amount of the fee award depends upon whether the work was reasonably required or necessary for the proper performance of legal services in the particular case. (136 Ill. App. 3d 907, 916-17.) The decision regarding the allowance of fees rests within the sound discretion of the trial court, whose award will not be overturned unless the court abused its discretion. 136 Ill. App. 3d 907, 917.

In the instant action, the trial court noted that although respondent was "not without financial resources," she was not required by law to "deplete her capital assets," nor "strip her means of support and undermine her economic stability" in order to pay her own fees. Accordingly, the court, noting that petitioner had a "very strong economic position" relative to respondent, held that while respondent "has the ability to pay, to do so would substantially deplete her source of income" and, therefore, petitioner should contribute. The court went on to consider each of the *Erickson* factors and held that petitioner should share in the payment of fees in the sum of $7,500.

We cannot say that this was an abuse of discretion. The court conducted extensive hearings on the fee petition. During these hearings, the court heard testimony regarding the reputation of the attorneys involved as well as the fairness of the fees and the difficulty of the legal issues involved. The court considered each of the *Erickson* factors and concluded that (1) the importance of the subject matter from the perspective of family law was not particularly acute; and (2) the issues presented were not worthy of the time required and labor expended by respondent's counsel. The court further noted that al-

though the arguments of counsel were novel, the nature of the controversy and the issues presented were issues which the court dealt with on a weekly basis.

 Given that the nature of the controversy was not particularly complicated and was subsequently disposed of in summary fashion, we see no abuse of discretion with the trial judge's findings with respect to the *Erickson* factors, especially in light of the extensive testimony elicited from two experts regarding the issues presented and the reasonableness of the fees. Accordingly, we will not disturb the trial court's award. See *In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 917; *In re Marriage of Burrows* (1984), 126 Ill. App. 3d 752, 758.

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

HOPF and WOODWARD, JJ., concur.