*In re* MARRIAGE OF EARL N. SILBER, Petitioner-Appellant, and HARRIET SILBER, Respondent-Appellee.

First District (4th Division)   No. 87—2893

Opinion filed November 17, 1988.

David I. Grund and Keith J. Nadler, both of Grund, Marcus & McNish, of Chicago, for appellant.

Selwyn Blum, Norman Becker, and Springer, Casey, Dienstag & Silverman, all of Chicago (Gary E. Dienstag, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying the post-dissolution request of petitioner, Earl N. Silber, M.D., to terminate maintenance payments to respondent, Harriet Silber. Payments were being made pursuant to a marital property settlement agreement that was incorporated into their divorce judgment. The agreement was subsequently modified to preclude future financial reconsideration except upon showing of any "unfavorable"

change in petitioner's financial circumstances. The sole issue for review is whether the trial court abused its discretion in denying petitioner's request to terminate payments.

We affirm.

Petitioner and respondent were married on June 10, 1945. On May 19, 1964, the parties were divorced. A marital property settlement agreement was incorporated in the dissolution judgment which provided, in pertinent part, that petitioner was to pay permanent alimony in the sum of $8,500 per year and child support of $5,000 per year, together with the cost of their children's college educations. The agreement also provided that in the event petitioner's income increased, 30% of it would go toward increased alimony.

On August 18, 1969, an agreed order was entered reducing alimony to $7,000 until respondent remarried, respondent died, or petitioner died. The agreement also contained a clause pertaining to modification which provided:

"Notwithstanding the allowance herein made for HARRIET's support, HARRIET shall have the right to become employed on a full or part-time basis without such employment or the income derived therefrom constituting a basis for a decrease in the amounts otherwise payable to HARRIET hereunder; and EARL SILBER shall not at any time permit or request reconsideration of the amounts paid to HARRIET SILBER hereunder to include the calculation or consideration of HARRIET's future employment or the amount derived therefrom as a basis for such reconsideration, but rather to predicate such request only upon any unfavorable change in his economic circumstances alone."

On March 7, 1986, petitioner filed a petition to modify the judgment and agreed order. The petition sought termination of the maintenance payments based on a change in the circumstances of the parties and the law. Respondent filed a response, and on July 21, 1986, a hearing was held where the parties testified regarding their financial situations. On August 28, 1987, the trial court entered an order denying termination of the maintenance payments. It is from this order that petitioner appeals.

■ Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 502(f)) (hereinafter the Act) pertains to the modification of settlement agreements and provides as follows:

"Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit

modification of terms set forth in the judgment if the agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment."

A maintenance agreement may not be modified where there is a clear expression of intent to restrict its modification. *Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 743.

The agreement in the instant case precludes modification only upon showing of "unfavorable change" in petitioner's circumstances or in the event petitioner dies or respondent remarries or dies. The petitioner may not request reconsideration of amounts paid respondent on the basis of her future employment or the amount derived from such employment. It is incumbent upon petitioner to show an unfavorable change in his financial circumstances. The trial court found that he did not meet this burden. We agree.

■ A reviewing court may not substitute its discretion for that of the trial court. (*Elliott v. Nordlof* (1967), 83 Ill. App. 2d 279, 284.) Petitioner correctly points out that a trial court has abused its discretion where no reasonable man would take the view adopted by the trial court. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127.) The trial court must have acted arbitrarily or, in light of all of the circumstances presented, exceeded the bounds of reason and ignored recognized principles of law so that substantial injustice resulted. (*In re Marriage of Lee*, 78 Ill. App. 3d at 1127.) Here, we do not find that the trial court abused its discretion in denying the petition to terminate maintenance payments to respondent, based on the testimony given by the parties on July 21, 1986.

■ At the hearing on July 21, 1986, testimony disclosed that in 1969, the year that the agreed order was entered, petitioner was earning either $26,000 or $27,000. In 1985, petitioner's gross income was $232,000. Petitioner's annual recurring debts were $49,000, $24,000 of which represented support payments to his estranged second wife, not the respondent. These payments, however, are voluntary and not pursuant to court order. Maintenance payments that are by choice and not fortuitous may not be considered in determining whether a petitioner has experienced a financial change in his circumstances that would warrant termination of maintenance payments. (*Barrow v. Barrow* (1975), 33 Ill. App. 3d 654, 657.) The other recurring debts were attributable to contributions to his 28-year-old daughter's graduate school education, his grandchild's education, and support of his mother.

■ The petitioner's nonrecurring debts amounted to $101,000,

$50,000 of which is the mortgage on his new home held in joint tenancy with his estranged second wife. Again, this obligation was voluntary and not fortuitous. It may not be considered as a basis for termination of his maintenance payments. (*Barrow,* 33 Ill. App. 3d at 657.) The remaining nonrecurring debts were attributable to maintenance of his Keogh, monies due to the Internal Revenue Service, monies borrowed from a bank and then loaned to his son, and monies expended to improve the offices used in his medical practice. Evidence, however, was not presented as to what business expenses were incurred that would show a change in his finances since the agreed order was entered in 1969.

Petitioner's assets amounted to $94,000. Petitioner testified that his income in 1985 was approximately the same in the two immediately preceding years. The dramatic increase in income from 1969, notwithstanding his claimed expenses, simply does not warrant termination of respondent's $7,000 yearly maintenance payments.

Petitioner argues that a change in respondent's income should be considered as a basis for termination of her maintenance payments. Since the entry of the agreed order, respondent has become employed as a teacher with the board of education, earning approximately $30,000 per year. Respondent inherited $74,000, which she invested with a brokerage house. The yield from this investment was reinvested and the account is now worth approximately $200,000. Respondent withdraws approximately $500 per year from this account. She receives, after taxes, less than $5,000 out of the $7,000 maintenance payments from petitioner.

■ The petitioner correctly points out that the purpose of maintenance under the Act is to assist spouses in becoming financially independent by placing an affirmative duty on them to rehabilitate themselves. (*In re Marriage of McFarlane* (1987), 160 Ill. App. 3d 721, 727; Ill. Rev. Stat. 1985, ch. 40, par. 504.) The agreed order, however, precludes petitioner from asserting this as a basis for termination of maintenance, even though it appears that respondent has rehabilitated herself.

In *McFarlane,* the trial court denied the husband's request for termination of maintenance payments pursuant to an agreement in their divorce judgment. The agreement provided that the wife's future income could not be a basis for reduction of the maintenance payments. The appellate court affirmed the trial court's decision. The husband contended that there had been a substantial change in the financial circumstances of the parties. He had paid his wife $2,800 per month for more than nine years and she had failed to rehabilitate her-

self as required by section 504 of the Act. (*In re Marriage of Mc-Farlane*, 160 Ill. App. 3d at 727; Ill. Rev. Stat. 1985, ch. 40, par. 504.) The court found that even if she had rehabilitated herself and was able to provide for her own support the agreement precluded the assertion of her future income as a basis for termination of the maintenance payments.

■ Similarly, the agreement between the parties in the 1969 judgment and agreed order would preclude termination of respondent's maintenance payments based on her future income. Reconsideration of maintenance payments may be sought upon "unfavorable change in his economic circumstances alone." The trial court correctly denied petitioner's request to terminate maintenance payments.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.