*In re* MARRIAGE OF JEANETTE MATEJA, Petitioner-Appellee, and EDWARD MATEJA, Respondent-Appellant.

First District (6th Division)   No. 1—87—3591

Opinion filed May 19, 1989.—Modified on denial of rehearing June 23, 1989.

Batler, Capitel & Schwartz, of Buffalo Grove (Jerome Marvin Kaplan, of counsel), for appellant.

Shepp & Sherwin, of Chicago (Judith S. Sherwin, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Edward Mateja (the husband) appeals from a trial court order denying his petition to terminate maintenance paid to petitioner Jeanette Mateja (the wife). He contends that the maintenance agreement incorporated in the judgment for dissolution of marriage was modifiable.

On June 4, 1981, a judgment for dissolution of marriage was entered. It included a marital settlement agreement which provided that the husband would pay 35% of his net income, with a minimum of $550 per month, as support for the wife and their minor child until the child reached age 18, when the payments would equal 18% of his net income from all sources with a minimum of $300 per month until the wife remarried. The agreement stated that Jeanette was "permitted to earn up to and including the sum of $13,000 per year gross before her earnings shall have an effect upon [husband's] obligation for support of maintenance of either [wife] or the minor child." The agreement also stated: "The parties further agree that the terms of the Agreement shall be non-modifiable."

At the proveup hearing, the husband testified that he understood that he had the right to seek a modification of the agreement if there was a material change of circumstances on the part of either party.

On January 13, 1986, the husband filed a petition to terminate maintenance. The wife's motion to strike was denied. At an evidentiary hearing, the husband testified regarding his earnings. The wife testified that she earned $1,190 in 1986; $4,180 in 1985; $4,186 in 1984; and nothing in 1983. She also testified about her employment history.

On October 29, 1987, the trial court denied the petition to terminate maintenance after finding the parties expressly intended that the agreement was nonmodifiable unless petitioner earned over $13,000 per year, remarried or died.

■ The husband contends that the trial court erred in finding as a matter of law that the marital settlement agreement was nonmodifiable. Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act provides that except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of the terms if the agreement so provides. (Ill. Rev. Stat. 1981, ch. 40, par. 502(f).) Such agreements are interpreted according to the same principles of construction applied to other contracts. *Ingrassia v. Ingrassia* (1987), 156 Ill. App. 3d 483, 509 N.E.2d 729.

■ The contract must expressly state the parties' intent to limit

modification to specific circumstances. (*In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 426 N.E.2d 237.) Where the judgment expressly precludes or limits, by clear and precise language, any modification, the trial court must give effect to that expression of the parties' intentions. *In re Marriage of McFarlane* (1987), 160 Ill. App. 3d 721, 513 N.E.2d 1146; *Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 396 N.E.2d 631.

■■ The husband maintains that by finding the agreement nonmodifiable, the court ignored the provision permitting the wife to earn up to $13,000 before he can seek a modification. The husband urges that these are inconsistent provisions and thus the language on nonmodifiability does not apply to the specific maintenance provisions because they contribute most essentially to the contract.

The simple, clear language of the contract fails to support such an interpretation. We hold that no ambiguity exists here. The entire agreement is nonmodifiable unless, as specifically provided, the wife earns over $13,000 or remarries or dies. None of these conditions has arisen. The trial court properly enforced the nonmodification provision of the contract and was correct as a matter of law in denying the husband's petition to terminate maintenance.

Contrary to our holding here, the third district of this court recently construed similar language ("[t]erms of this marital separation agreement shall not be changed or modified without the agreement and consent of both parties") so as to permit modification. *In re Marriage of Sutton* (1989), 178 Ill. App. 3d 928, 930, 533 N.E.2d 1125, *appeal allowed* (1989), 126 Ill. 2d 559.

We decline to follow the holding in *Sutton* for the reasons we have stated above. We support the reasoning set forth by Justice Barry in his dissenting opinion in *Sutton*.

■■ The husband also argues that the court failed to consider his testimony at the proveup hearing that he understood the agreement to mean he could seek a modification of maintenance in the event of a material change in circumstances. Where there is no ambiguity in a contract, the court will not look beyond the four corners of the document. *W.H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 475 N.E.2d 273.

■■ The husband finally contends that the trial court erred in failing to reduce the wife's maintenance on the basis that she failed in her general duty to seek appropriate training or education to become financially independent so that maintenance could be terminated or reduced. (See generally *In re Marriage of Lasota* (1984), 125 Ill. App. 3d 37, 465 N.E.2d 649.) There is no indication in the contract that

this was intended as a prerequisite to receiving further maintenance. While the Act refers to reductions or termination of maintenance where a spouse fails to make a good-faith effort to seek rehabilitation (Ill. Rev. Stat. 1981, ch. 40, par. 510), the Act also provides that the parties may agree otherwise (Ill. Rev. Stat. 1981, ch. 40, par. 502(f)) and that their agreement controls. See *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719 (maintenance payments unmodifiable unless wife dies; her remarriage, thereon, has no effect, notwithstanding section 510(b)'s provision that the obligation to pay future maintenance terminates upon remarriage).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.