*In re* MARRIAGE OF JOAN L. SCOTT, Petitioner-Appellee, and TIMOTHY R. SCOTT, Respondent-Appellant.

Fourth District No. 4—90—0134

Opinion filed November 8, 1990.

Charles L. Palmer, of Franklin, Flynn & Palmer, of Champaign, for appellant.

Edward H. Rawles, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

Respondent appeals an order of the trial court denying his petition to terminate or modify a maintenance award under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 510). The trial court held the maintenance award was nonmodifiable and could be modified or terminated only upon the events and circumstances enumerated in the settlement agreement incorporated in the dissolution judgment. We reverse the judgment insofar as it holds that the award is nonmodifiable.

In 1984, petitioner Joan Scott filed a petition for dissolution of marriage against respondent Timothy Scott. The trial court, in its order granting dissolution, expressly retained jurisdiction for subsequent hearings regarding "ancillary matters." On April 9, 1985, the court filed its judgment on these ancillary matters (ancillary order). In this ancillary order, the court stated, "The parties have entered into an oral Property Settlement Agreement which the Court finds is fair and reasonable, and which both parties have agreed to, and that the Agreement provides as follows." This property settlement agreement

was then enumerated in full within the ancillary order, stating the terms of this agreement regarding child custody, child support, and other matters, including the maintenance award, which provided as follows:

> "The Defendant will pay to the Plaintiff as and for maintenance the sum of One Thousand Dollars ($1000) per month *** and that said sum is to be for maintenance and to terminate upon the death of the Plaintiff, upon the occurrence of any of the factors set forth in Illinois Revised Statute, Chapter 40, Section 510, it being the intention of the parties that the payments under this paragraph be taxable to the Plaintiff and deductible by the Defendant, said maintenance to continue unless terminated pursuant to the aforementioned statute or by order of the Court."

In April 1989, the petitioner petitioned the court to modify the child support award and for leave to remove the children from the State. The respondent filed a response and counterpetition for the termination or reduction of maintenance. At hearings on these two petitions, however, respondent focused on termination of maintenance based on substantial change of circumstances and made no alternative argument for reduction in the amount of maintenance. The circuit court denied the relief requested on the petition and the counterpetition from the bench; with respect to the counterpetition, the court's remarks focused on its conclusion that the judgment of dissolution, by its express terms, precluded termination based on a substantial change in circumstances. The court directed petitioner's counsel to prepare a written order. The written order, as prepared, provided in pertinent part:

> "3. As to the Counter-Petition for termination or reduction of maintenance the Court finds that the maintenance provided for in the Judgment of April 9, 1985, *is non-modifiable,* can be terminated only upon the death of the Plaintiff or upon the occurrence of circumstances contained in §510, Chapter 40, Illinois Revised Statutes, and further finds that the Court is without authority to terminate *or modify* the maintenance based upon substantial change in circumstances of the parties." (Emphasis added.)

Respondent filed a timely motion to modify and vacate a portion of this order (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203), arguing the references to nonmodifiability were erroneous as a matter of law. Respondent requested that the court reconsider its ruling that maintenance is nonmodifiable and to modify and vacate the portion holding

it had no authority to modify maintenance based on a substantial change of circumstances. This motion was denied, and respondent appeals both the October 26, 1989, order and the denial of his section 2—1203 motion. In his notice of appeal, respondent asks this court to reverse the order insofar as it holds the maintenance award nonmodifiable, hold the award modifiable based on a substantial change of circumstances, modify and vacate portions of this order accordingly, and reverse and remand for further proceedings.

■■ Section 510 provides in pertinent part:

"(a) Except as otherwise provided in paragraph (f) of Section 502, *** the provisions of any judgment respecting maintenance *** may be modified only *** upon a showing of a substantial change in circumstances.
***

(c) Unless otherwise agreed by the parties in a written agreement set forth in the judgment or otherwise approved by the court, the obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance, or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis." (Ill. Rev. Stat. 1989, ch. 40, pars. 510(a), (c).)

Section 502 states:

"(a) To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a written or oral agreement containing provisions for *** maintenance of either of them ***.

* * *

(f) Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides. *Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, pars. 502(a), (f).)

Maintenance agreements may be modified or terminated under circumstances stated in statutory provisions, unless the parties' intent is clearly manifested in such agreement to limit or preclude such judicial modification or termination. In such a case, the maintenance award may be deemed nonmodifiable or such modification is restricted to circumstances allowed by the agreement. *Simmons v. Simmons* (1979), 77 Ill. App. 3d 740, 743, 396 N.E.2d 631, 634.

■ If, however, the language of the agreement does not expressly preclude or limit modification of its terms, it is error to hold the maintenance nonmodifiable. (*In re Support of Bowman* (1980), 89 Ill. App. 3d 110, 111-12, 411 N.E.2d 567, 569, citing *Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 392 N.E.2d 421, *appeal denied* (1979), 79 Ill. 2d 620.) In *Bowman*, despite the limiting language " '[t]he monthly payments to Wife for her support and maintenance shall continue until her death or remarriage,' " this court held maintenance was modifiable. (*Bowman*, 89 Ill. App. 3d at 111, 112, 411 N.E.2d at 568, 569.) In *Schoenhard v. Schoenhard* (1979), 74 Ill. App. 3d 296, 300, 392 N.E.2d 764, 767, the language "permanent alimony" did not preclude modification. In *In re Marriage of Martino* (1988), 166 Ill. App. 3d 692, 698, 520 N.E.2d 1139, 1143, an order stating specific reasons for termination, but containing no language regarding modification, was held not to preclude modification.

Both *Bowman* and *Martino* distinguish *Simmons* in that neither agreement had language comparable to that in *Simmons*. (*Bowman*, 89 Ill. App. 3d at 112, 411 N.E.2d at 569; *Martino*, 166 Ill. App. 3d at 698, 520 N.E.2d at 1143.) The agreement in *Simmons* stated, " 'in no event is the amount of alimony to be *modifiable* except for death or remarriage of wife' " (emphasis added), which was held to make the maintenance award nonmodifiable. (*Simmons*, 77 Ill. App. 3d at 741, 396 N.E.2d at 632.) Here, the ancillary order does not contain such a limitation, *e.g.*, that "in no event" would maintenance be modifiable apart from enumerated circumstances. Hence, *Simmons* is also distinguishable from this case.

Respondent cites *In re Marriage of Sutton* (1989), 178 Ill. App. 3d 928, 533 N.E.2d 1125, *aff'd* (1990), 136 Ill. 2d 441, 557 N.E.2d 869. The appellate court in *Sutton* held certain language, stating the terms of the separation agreement would not be changed absent " 'agreement and consent of both parties,' " did not preclude modification. (*Sutton*, 178 Ill. App. 3d at 930, 533 N.E.2d at 1126.) The Illinois Supreme Court recently considered *Sutton* and upheld the appellate court's decision on modifiability, but also determined that section 502(f) of the Act was inapplicable since *Sutton* involved a legal separation rather than a dissolution of marriage (*Sutton*, 136 Ill. 2d at 449, 557 N.E.2d at 872), a determination which is inapplicable here.

The trial court, explaining its ruling during the hearing, referred specifically to cohabitation and remarriage as being statutory conditions permitting termination of the maintenance award. These conditions, as well as petitioner's death, are circumstances permitting a petition to terminate maintenance under the express terms of the

ancillary order and section 510(c) of the Act. The ancillary order refers to section 510 in its entirety. This section, while allowing termination upon death, remarriage, or cohabitation under section 510(c), also allows modification upon a showing of substantial change of circumstances under section 510(a). Ill. Rev. Stat. 1989, ch. 40, pars. 510(a), (c).

■ The specific reasons for termination set forth in the ancillary order do not render the maintenance award nonmodifiable. "The specific enumeration of reasons for termination of maintenance in a marital settlement agreement is not sufficient to preclude modification." (*In re Marriage of Arvin* (1989), 184 Ill. App. 3d 644, 650, 540 N.E.2d 919, 924, citing *Martino*, 166 Ill. App. 3d at 698, 520 N.E.2d at 1143.) In *Martino*, the court rejected the argument that specific enumeration of reasons for termination of maintenance also precluded modification. *Martino*, 166 Ill. App. 3d at 698, 520 N.E.2d at 1143.

As in *Martino*, although the ancillary order limited termination of maintenance to the conditions therefor in section 510 of the Act, it made no express reference to any conditions precluding modification as to the amount of maintenance. The phrase, "said maintenance to continue unless terminated," *does not expressly preclude modification, since it encompasses maintenance in either its present or modified form.* As such, the trial court erred insofar as the judgment appealed suggests that by limiting the bases for termination, the ancillary order limited or precluded modification as to amount as well.

We conclude this result is consistent with the decisions of, for example, this court in *Bowman*, of fifth district in *Dull*, of second district in *Schoenhard*, *Martino* and *In re Marriage of McFarlane* (1987), 160 Ill. App. 3d 721, 513 N.E.2d 1146, and of first district in *In re Marriage of Silber* (1988), 176 Ill. App. 3d 853, 531 N.E.2d 910.

■ Moreover, a review of this line of cases leads to the conclusion that if parties to a marital settlement agreement intend, on dissolution, to preclude judicial modification of maintenance as to amount, it may be better practice to do so in clear and express terms in a paragraph separate from that limiting termination of maintenance. See, *e.g.*, *Silber*, 176 Ill. App. 3d at 855, 531 N.E.2d at 911; *McFarlane*, 160 Ill. App. 3d at 723-24, 513 N.E.2d at 1147-48; see also Wilcher, *Marital Settlement Agreements*, in II Illinois Family Law ch. 16, §16.71 (Ill. Inst. for Cont. Legal Educ. 1988 & Supp. 1989) (form clause for nonmodifiability of maintenance payments).

■ Consequently, we find the order appealed is in error in stating the maintenance provision in the dissolution judgment is nonmodifiable, and in stating the court was without authority to modify mainte-

nance as to amount based on a substantial change in circumstances. Accordingly, the judgment order is reversed in that regard and the cause remanded with directions to strike the words "is non-modifiable" and "or modify" from paragraph 3 thereof. The judgment is otherwise affirmed. As respondent did not argue below for a reduction in amount, apart from having referred to it in his counterpetition, we need not remand for reconsideration in that regard.

Affirmed in part; reversed in part and remanded with directions.

GREEN and STEIGMANN, JJ., concur.