*In re* MARRIAGE OF NORMAN E. JENSEN, Petitioner-Appellant, and MARY A. JENSEN, Respondent-Appellee.

Third District    No. 3—90—0561

Opinion filed April 9, 1991.

John R. Heying, of Heying & Watts, of Naperville, for appellant.

Lee H. Russell, of Russell & Doheny, of Northlake, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Norman E. Jensen, appeals the denial of his petition to terminate his obligation to pay maintenance to the respondent, Mary A. Jensen.

■ The record shows that the parties were divorced in 1987. The settlement agreement incorporated in the order of dissolution stated that Norman was to pay "permanent maintenance" of $45 per week. After Mary remarried five months later, Norman filed a petition to terminate maintenance. The petition was based on section 510(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 101 *et seq.*), which states:

> "Unless otherwise agreed by the parties in a written agreement set forth in the judgment \*\*\*, the obligation to pay future maintenance is terminated upon \*\*\* the remarriage of the party receiving maintenance \*\*\*." Ill. Rev. Stat. 1989, ch. 40, par. 510(c).

The trial court denied the petition, finding that the words "permanent maintenance" meant that the parties had agreed that in the event of Mary's remarriage, maintenance would not be terminated under section 510(c).

On appeal, Norman argues that the trial court erred. He contends that the settlement agreement did not establish that the parties intended that maintenance payments would continue upon Mary's remarriage.

■■ ■ We agree with Norman's argument. If the parties to a settlement agreement intend to limit the automatic termination of certain terms, they must do so in clear language. (See *In re Marriage of Sutton* (1989), 178 Ill. App. 3d 928, 533 N.E.2d 1125.) Here, the agreement did not specifically state that the termination provision of section 510(c) would not apply in the event of Mary's remarriage. Although the agreement characterized the maintenance as "permanent," this term may also be used simply to distinguish permanent maintenance from temporary maintenance awarded during the pen-

62

dency of a dissolution action. (*Schoenhard v. Schoenhard* (1979), 74 Ill. App. 3d 296, 392 N.E.2d 764.) As such, we find that the agreement was too vague to establish that the parties intended to contravene the general policy of Illinois and provide for continuing maintenance payments after Mary's remarriage. We therefore reverse the trial court's denial of the petition and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

GORMAN and SLATER, JJ., concur.