*In re* MARRIAGE OF LOIS AILEEN SCHWEITZER, Petitioner-Appellee, and HARVEY JOHN SCHWEITZER, Respondent-Appellant.

Fourth District   No. 4—96—0932

Argued June 17, 1997.—Opinion filed June 24, 1997.

Arthur M. Lerner (argued), of Lerner & Kirchner, of Champaign, for appellant.

Frederic M. Grosser (argued), of Grosser & Hays, of Champaign, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Petitioner Lois Schweitzer and respondent Harvey Schweitzer were married in 1947. Their marriage was dissolved in the circuit court of Champaign County in June 1990. The parties entered into a marital settlement agreement (Agreement), which was incorporated into the judgment of dissolution, in which respondent agreed to pay maintenance to petitioner. The maintenance provision, designated as article II of the Agreement, states:

"1. Husband shall pay direct to Wife, as and for her support and maintenance, the sum of $1,500 per month, effective July 1, 1990, and continuing thereafter on the first day of each month.

2. The payment [of] maintenance shall not terminate upon the occurrence of any of the statutory events for the termination of maintenance, except for the death of either party.

3. All of the payments to be made by Husband to Wife pursuant to this Article will be payments in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by Husband under a written instrument incident to a dissolution of marriage, all within the meaning and intendment of Sections 71(a) and 215 of the Internal Revenue Code of 1986, as amended and as now in effect, and of similar provisions of future laws, and that such payments will be includible in Wife's gross income pursuant to Section 71(a) and will be deductible by Husband from his gross income pursuant to Section 215 in determining their respective taxable incomes."

Article XV, paragraph 8, of the Agreement provided that "[t]his Marital Settlement Agreement shall not be modifiable." On March 29, 1996, respondent filed a petition to modify the judgment, in which he alleged that a material change in circumstances had occurred and asked that his maintenance obligation be reduced. In support of this request, he alleged that a farm he owned would no longer be involved in the raising and selling of hogs, which would result in an approximate $20,000 reduction in his income per year. He also alleged that he believed petitioner was about to sell certain properties that would provide her with additional income. In her response to this petition, petitioner alleged that pursuant to article XV, paragraph 8, of the Agreement, the maintenance provision could not be modified.

After hearing arguments of counsel, the trial court ruled that respondent's maintenance payments were not modifiable and dismissed the petition. Respondent now appeals, arguing that the trial court's order was in error. We disagree and affirm.

■ Section 502 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 502) governs marital settlement agreements. Section 502(f) of the Act provides as follows:

"Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment." Ill. Rev. Stat. 1989, ch. 40, par. 502(f).

Section 510(a) of the Act states in pertinent part:

"Except as otherwise provided in paragraph (f) of Section 502, *** the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification and only upon a showing of a substantial change in circumstances." Ill. Rev. Stat. 1989, ch. 40, par. 510(a).

Section 510(c) of the Act states that, unless otherwise agreed by

the parties in a written agreement, the obligation to pay future maintenance is terminated by the death of either party, the remarriage of the obligee, or if the obligee cohabits with another person on a resident, continuing conjugal basis. Ill. Rev. Stat. 1989, ch. 40, par. 510(c).

■ It is clear that parties may agree that maintenance shall not be modified or terminated except upon certain specified conditions. When the parties so agree, maintenance may be modified or terminated only under the circumstances specified in the agreement. The purpose of allowing parties to agree in advance to the circumstances under which maintenance may be modified or terminated is to permit them to plan for the future by eliminating concerns based upon subsequent motions to increase or decrease their obligations. See *In re Marriage of Brent*, 263 Ill. App. 3d 916, 922, 635 N.E.2d 1382, 1386 (1994). The intent of the parties to preclude or limit modification of maintenance must be clearly manifested in their agreement. *In re Marriage of Scott*, 205 Ill. App. 3d 561, 564, 563 N.E.2d 995, 997 (1990).

In *In re Marriage of Mateja*, 183 Ill. App. 3d 759, 540 N.E.2d 406 (1989), the parties had entered into a marital settlement agreement providing that the husband would pay the wife unallocated child support and maintenance until the parties' child reached 18 years of age, at which time the husband would continue to pay a reduced amount in maintenance until the wife remarried. The agreement also stated that the wife was permitted to earn up to a certain annual income without adversely affecting the amount of maintenance due her. The agreement provided that "[t]he parties further agree that the terms of the Agreement shall be non-modifiable." *Mateja*, 183 Ill. App. 3d at 761, 540 N.E.2d at 407. Several years later, the husband filed a petition to terminate maintenance. The trial court denied the petition, finding that the parties intended the agreement to be nonmodifiable unless the wife earned in excess of the stipulated annual income, remarried, or died. The appellate court affirmed, noting that where the dissolution judgment expressly precludes, by clear and precise language, any modification, the trial court must give effect to the parties' expression of their intentions. The court found the language used by the parties was simple and clear and that the husband's petition was properly denied. *Mateja*, 183 Ill. App. 3d at 762, 540 N.E.2d at 407-08.

■ Respondent argues here that had the parties intended to preclude modification of maintenance, they would have included such a provision in article II of the Agreement, the section dealing with maintenance. He reasons that because only provisions restricting termination of maintenance are contained in that article, there

was no intention to preclude modification. We reject this argument. Taken to its logical conclusion, respondent's argument would mean that, in order to preclude modification of all provisions of the Agreement, it would be necessary for the parties to expressly state in each article of the Agreement that the particular provision was nonmodifiable. Such a requirement would be superfluous. In article XV, the parties have clearly stated that the entire Agreement is nonmodifiable. There is no ambiguity in this language, and we find it sufficient to express the parties' intention that the maintenance provisions of the Agreement are not to be modified. Moreover, as petitioner points out, this court stated in *Scott* that if parties wish to preclude modification of maintenance, the better practice would be to provide for this in clear and express language in a paragraph separate from any provisions limiting the termination of maintenance, since provisions for termination of maintenance in an agreement do not preclude its modification. *Scott*, 205 Ill. App. 3d at 566, 563 N.E.2d at 999.

Respondent also argues the provision in article XV stating that the Agreement is not modifiable is merely "a general statement of the law that property and other provisions, other than support, maintenance and custody, are non-modifiable." However, this is a misstatement of the law. Section 502(f) of the Act allows parties to preclude modification of the terms of the judgment except provisions for the support, custody, or visitation of children. Clearly, parties may preclude modification of maintenance.

We conclude that the Agreement precludes modification of respondent's maintenance payments. Accordingly, the trial court did not err in dismissing respondent's petition.

For the reasons stated, the trial court's order is affirmed.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.