(No. 35380.—

EMMA LARSON, Appellee, *vs.* ALTON R. LARSON, Appellant.

*Opinion filed March 31, 1960—Rehearing denied May 16, 1960.*

Ernest H. Pool, Sr., and Jack Trager, both of Ottawa, George L. Herbolsheimer, of La Salle, and Kenneth S. Carlstrom, of Urbana, for appellant.

Berry & O'Conor, of Streator, and Joseph D. Carr, of Ottawa, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

In April of 1952 plaintiff, Emma Larson, obtained a decree of divorce from defendant, Alton B. Larson, in the circuit court of La Salle County. By the decree of divorce, a property settlement agreement, previously entered into between the parties, was approved by the court. By the terms of that property settlement agreement, it was provided, in part, that the husband agreed to convey an undivided one-half interest in a certain business building to his wife, and she was to assign to him all rents and income

from this building and the right to rent and manage it; that he was to pay her $100 a month for support and maintenance for and during her lifetime, or until she remarries, or until further order of the circuit court of La Salle County, in consideration of her assignment of the aforesaid rentals, income and management to him; and in addition the parties agreed not to sell the aforesaid business property without the consent of both, or, lacking that consent, upon an order of sale of the circuit court.

On October 10, 1957, plaintiff filed her petition in the circuit court of La Salle County for an increase in payment for support and maintenance. The defendant, husband, denied her right to such relief. Upon hearing, the circuit court refused to hear any evidence concerning any change in circumstances or conditions of the parties since the entry of the original decree, or any evidence of defendant's other property or income, and limited the evidence and its consideration to the income from the business property. The trial court found that the $100 per month provided in the property settlement agreement was in consideration of the wife's release of certain rights in the business property, and the payments were thus limited to one-half of the net rentals therefrom, after allowance of a 5 per cent management fee, and ordered the support and maintenance payments increased to $140 per month, to be paid solely from said rentals. The plaintiff, wife, appealed from the decree of the trial court to the Appellate Court, Second District.

Upon review, the Appellate Court reversed the decree and remanded the cause to the trial court with directions to eliminate from its decree and order all provisions limiting the right of the plaintiff to receive support payments to the amount of the net rentals of the business property, and all provisions terminating the payment of such support upon sale of the said property, and directed the trial court to determine, from evidence taken and any additional evidence

that may be submitted on the question of changed conditions and circumstances, the reasonable amount to be paid by the defendant to the plaintiff for her support and maintenance on the basis of any changed conditions and circumstances since the entry of the original divorce decree.

The cause comes here upon petition for leave to appeal, filed in this court by the defendant husband, without benefit of answer to the petititon. Upon allowance of the petition, a brief was filed by respondent. Among other issues, it is asserted that the decision is not final and appealable, and that this court has no jurisdiction to entertain this appeal, and this question must be determined before we proceed further.

In a comprehensive review of the existing law upon the subject, in *Morris* v. *Beatty,* 390 Ill. 568, we found that the only judgments of the Appellate Court that were subject to review in the Supreme Court were those that were final in the sense that they fully decided and disposed of the rights of the parties to the cause. We have generally held that a judgment of the Appellate Court which reversed a judgment or decree of the trial court and remanded the cause with "specific directions which determined the rights of the parties," so that nothing remained to be done in the trial court except to execute the mandate, was a final appealable judgment. *Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537.

Here the Appellate Court reversed the trial court and remanded with specific directions to eliminate certain provisions of the decree and required only that the trial court execute the mandate in those regards. However, the order of the Appellate Court also directs the trial court to determine and fix reasonable support payments to be paid to plaintiff by defendant, from evidence taken or that may be submitted on the question of changed conditions and circumstances since the entry of the decree. The real merit of this controversy is whether the plaintiff is entitled to

increased support and maintenance payments, and the order of the Appellate Court does not fully decide and dispose of the rights of the parties to the cause by its directions to the trial court. The real merits of the controversy are yet to be determined. The ultimate issue is not disposed of, but only matters distinct from the ultimate question to be determined as in *Ylonen* v. *Ylonen, 2* Ill.2d 111. The other cases cited by defendant in defense of this issue are all cases in which the trial court, upon remandment, had only to execute the mandate of the order, and do not apply here.

This judgment of the Appellate Court is not final and appealable, and this court has no jurisdiction to entertain this appeal. The appeal is, therefore, dismissed.

*Appeal dismissed.*