BRENDA S. DULL, Plaintiff-Appellee, *v.* JAMES E. DULL, Defendant-Appellant.

Fifth District No. 78-344

Opinion filed July 13, 1979.

G. MORAN, P. J., dissenting.

David A. Campbell, of Campbell, Furnall, Moore and Jacobsen, of Mt. Vernon, for appellant.

Paul M. Caldwell, of Caldwell, Troutt and Alexander, of Benton, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant James Dull appeals from an order of the Circuit Court of Jefferson County denying his petition to modify child-support payments and to terminate alimony payments ordered to be paid by him pursuant to a property settlement agreement entered into with the plaintiff, Brenda Dull, which agreement was incorporated in the divorce decree in this cause.

The parties were married on June 19, 1971, and divorced by decree entered December 5, 1975. One child was born of the marriage, Christi Renee Dull, custody of whom was awarded to plaintiff. The settlement agreement provided that defendant pay to plaintiff as a "lump sum property settlement" the sum of $9,600 payable in 48 installments of $200 each and that she receive from defendant an additional $200 per month for three months following entry of the decree to enable her to pay for the rental of a home for her and Christi Renee Dull. Further, the agreement provided that plaintiff was to receive from defendant as "permanent alimony" the sum of at least $50 per month, to be adjusted annually so as to equal 3.3 percent of defendant's adjusted gross income as indicated on line 15 of his individual income tax return for the previous year (Internal Revenue Service Form 1040). By the terms of said agreement, defendant further agreed to pay plaintiff as a "lump sum settlement" one half of the net amount received by the defendant from partnership disbursements at the close of the 1975 calendar year, as indicated by Internal Revenue Service Form 1065 filed by defendant's law partnership, said sum to be paid in lieu of additional "permanent alimony" or additional "lump sum settlement in installments." Defendant was also required to pay at least $250 per month for the support of the parties' one-year-old daughter. The agreement contained a formula for the automatic annual adjustment of the amount of child support similar to that used to adjust permanent

alimony, except that child support was to equal 16.6 percent of the defendant's adjusted gross income (line 15, Form 1040). In addition, defendant agreed to assume all of the child's medical and dental needs, college or trade school expenses as well as to maintain a term life insurance policy on his life in the face amount of $50,000 with the child as the named beneficiary. Certain other provisions disposed of the couple's real and personal property but have no bearing on the issues and will therefore not be recited.

At the time of the divorce in this case, defendant was a practicing attorney with an annual income of approximately $18,000, including investments. Defendant later ran for State's Attorney of Jefferson County and was elected to that office in November 1976. The annual salary for that position was increased from $22,500 to $42,600 by statute effective December 6, 1976 (Ill. Rev. Stat. 1975, ch. 53, par. 7(b)). As a consequence of this salary increase, the amount of alimony defendant was required to pay increased from $60 per month based upon defendant's 1976 adjusted gross income to $120 per month based upon defendant's adjusted gross income for 1977. Correspondingly, defendant's child-support payments increased from $300 per month to $600 per month. On the basis of this and other alleged changed conditions, defendant petitioned the court for a modification of the support provisions and a termination of the alimony provisions incorporated in the decree. The trial court denied defendant's petition and this appeal ensued.

■■ Plaintiff contends that the provisions of the agreement prohibit future modification and that they are enforceable and prevent modification of the alimony and child-support payments. We recognize that Illinois courts favor property settlements and alimony and child-support agreements and are reluctant to disturb a decree incorporating such amicable agreements. Nevertheless, provisions relating to child-support payments, including those embodied in a consent decree, are always subject to modification by a court upon changed circumstances and to promote the best interests of the child. (*Duvall v. Duvall* (1972), 8 Ill. App. 3d 53, 289 N.E.2d 59; *Needler v. Needler* (1971), 131 Ill. App. 2d 11, 268 N.E.2d 517.) Further, a court retains jurisdiction over awards of periodic alimony which may be modified upon proof of a sufficient change in circumstances of the parties. (*Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372.) This is so regardless of the existence of a property-settlement agreement setting out the amount of periodic alimony to be paid. *Herrick v. Herrick* (1925), 319 Ill. 146, 149 N.E. 820; *Larson v. Larson* (1959), 21 Ill. App. 2d 264, 157 N.E.2d 689, *appeal dismissed* (1960), 19 Ill. 2d 200, 166 N.E.2d 561; *Bowman v. Bowman* (1973), 11 Ill. App. 3d 719, 298 N.E.2d 339.

Plaintiff maintains that under section 502(f) of the Illinois Marriage

and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 502(f)), the award of periodic alimony by the trial court is not subject to modification by this court. The Act provides as follows:

> "(f) Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of the judgment."

Defendant contends that since the divorce in this case was entered prior to the October 1, 1977, effective date of this Act, the above-quoted provision should not apply in this instance. However, section 801 expressly states that the Act shall apply to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to its effective date. (Ill. Rev. Stat. 1977, ch. 40, par. 801(c).) Nevertheless, we do not agree with plaintiff's assertion that the alimony provision of the agreement is not subject to modification.

■■ The property-settlement agreement recites the marriage of the parties, the birth of one child, the subsequent separation of the parties, and their desire to settle their respective rights. The following language appears as a provision in the agreement:

> "That the parties hereby consider it in their best interest to settle between themselves now and forever their respective rights of property; dower rights, homestead rights, rights to support, and any and all other rights to property, and otherwise growing out of the marriage relationship existing between them and which either of them now has or may hereafter have or claim to have against each other, and all rights of any kind, nature and description which either of them now has or hereafter have or claim to have in and to any property of every kind, nature and description, real, personal, and mixed, now owned or which may hereafter be acquired by either of them; * * *."

The remainder of the agreement is arranged into substantive categories such as "Permanent Alimony," "Property Settlement," "Real Estate," "Personal Property" and "Child Custody, Visitation and Support." We deem the language employed in the agreement to be precatory only and not the express preclusion of modification contemplated in section 502(f).

In support of his petition to modify the child-support provisions of the agreement, defendant points out that since the entry of the divorce decree in this case, plaintiff and their child have moved to Tennessee where they reside with plaintiff's parents. Plaintiff pays neither rent nor utilities to her parents. Occasionally she purchases groceries for the family, and she pays the day-care expenses for the parties' child.

Since her move to Tennessee, plaintiff has become employed full time, earning a gross income of $600 per month. Plaintiff testified at trial that at the time of the divorce she understood that a pay raise had been granted to State's Attorneys in Illinois but that she did not know the amount of the increase. She stated that the defendant had considered seeking election as State's Attorney but had not definitely decided to run for that office. Plaintiff testified further that she may have been employed immediately prior to the divorce, although in her answer to defendant's petition to modify she admitted that she was unemployed at the time of the divorce.

■■ Plaintiff first asserts that no substantial or material change in circumstances has occurred. The established criterion for a modification of child-support payments is a material change of circumstances in the needs of the child and the ability of the parent to pay. (*Robin v. Robin* (1977), 45 Ill. App. 3d 365, 359 N.E.2d 809.) Moreover, both parents share an equal duty to support their children. (*Robin v. Robin; Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95; *Matthews v. Matthews* (1976), 42 Ill. App. 3d 1049, 356 N.E.2d 1083.) The courts in *Knox v. Knox* (1975), 31 Ill. App. 3d 816, 334 N.E.2d 891, and *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 367 N.E.2d 512, stated that the amount of child support should be determined by accommodating the needs of the children with the available means of the parties. While there is conflicting testimony regarding defendant's ability to pay $600 per month child support, and while many of plaintiff's objections to defendant's expenses are well taken, there is no evidence that the child's needs have so increased that doubling the amount of child support is justified. We are concerned here with an apparently healthy preschool child whose needs are certain to increase on a gradual basis. It was the clear intent of this agreement to accommodate those gradual needs with the anticipated gradual increase in defendant's salary. The dramatic increase in defendant's salary and corresponding dramatic increase in the amount of child support failed to achieve the intended purpose and results in an imbalance between the child's current needs and defendant's ability to support her. (*In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.) For this reason, we believe the court abused its discretion in strictly adhering to the formula set out in the property settlement in this case and that a hearing should be held to determine the child's actual needs compared with the defendant's ability to pay an increased amount and plaintiff's increased ability to support the child.

Concerning the court's refusal to modify the provisions as to periodic alimony, defendant contends that the trial court erred in refusing to modify the provisions of the original decree based on his proof of a material change in circumstances of the parties. Plaintiff argues that the

denial of modification should not be set aside unless the decision is contrary to the manifest weight of the evidence, citing *Elizer v. Elizer* (1976), 36 Ill. App. 3d 552, 344 N.E.2d 493. It is our opinion that the record in this cause does not permit a resolution of this controversy because it is silent as to whether the trial court denied the petition for modification on the ground that defendant failed to prove a material change in circumstances or whether it concluded, as plaintiff now argues, that the settlement agreement was not subject to modification under section 502(f) of the Illinois Marriage and Dissolution of Marriage Act.

For the foregoing reasons, the order of the Circuit Court of Jefferson County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

KARNS, J., concurs.

G. MORAN, P. J., dissents.