A Rehearing <u>En</u> <u>Banc</u> was granted in this case on October 11, 1996.

COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


SHARLENE B. ORLANDI

OPINION BY
v.      Record No. 2893-95-2      JUDGE JOHANNA L. FITZPATRICK
AUGUST 6, 1996
ANTHONY P. ORLANDI


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Richard H. C. Taylor, Judge

Halford I. Hayes (Lucretia A. Carrico; Hayes
& Carrico, P.C., on brief), for appellant.

John M. Schilling (White, Blackburn & Conte,
P.C., on brief), for appellee.


Sharlene B. Orlandi (mother) appeals the trial court's decision to award child support to Anthony P. Orlandi (father). She argues that the trial court erred in finding that: (1) father was not required to show a material change in circumstances, and (2) if father was required to show a material change, he met his burden. For the reasons that follow, we affirm the trial court's decision.

**BACKGROUND**

The parties share joint legal custody of their two children, with father as the primary care-giver. On December 8, 1994, the parties appeared before the trial court on a support appeal from the juvenile and domestic relations district court and submitted a draft consent decree resolving the disputed support issue. In the consent decree entered by the trial court on December 15,

1994, the parties agreed that "neither party will pay to the other any child support" and that they would "split equally all un-reimbursed medical bills."  The consent decree referred "all future matters pertaining to child support" to the Hanover County Juvenile and Domestic Relations District Court.

Father later filed a petition seeking a modification in child support, and a hearing was held on October 20, 1995.  The evidence established that, at the time of the entry of the consent decree, mother was unmarried, agreed to help with some of the children's expenses, and visited the children on a regular basis.  After the entry of the consent decree on December 15, 1994, mother remarried.  She spent less time with the children and did not give father money to help with expenses as anticipated.  Mother's new husband was self-employed, lived with her in her home, and put money in their joint checking account.  Although mother testified that she continued to pay her expenses as before her marriage, she admitted that:  "[B]ecause I have had a lot of bills coming in lately for different things, he [has helped] me pay that."  She also testified that her new husband "maintains whatever he did before, and I guess whatever he makes over and above goes into savings for us both."

In a November 29, 1995 order, the trial court found as follows:

> [Father] need not show a material change of
> circumstances since the current Order of
> support was submitted by the consent of the
> parties, and the legislative guidelines were
> not used, and further that the father does

> not have the right to waive the children's
> right of child support.  <u>The Court further
> finds a material change of circumstances
> exists</u> since the entry of the aforesaid
> Consent Order namely, [mother] has remarried
> and has used her current spouse's income to
> help pay her expenses, that the parties
> agreed at the time of the Consent Order that
> [mother] would help support the children
> which she has wholly refused to do since the
> entry of the Order, and that [mother] has not
> visited the children in accordance with the
> . . . visitation schedule.

(Emphasis added).  The court then determined the presumptive amount of child support under the guidelines in Code § 20-108.2 to be $453.83 per month and ordered mother to pay father this amount in child support.

## CONSENT DECREE

Mother contends that the trial court erred in finding that father was not required to show a material change in circumstances because the underlying child support order was the result of a consent settlement by the parties rather than a court adjudication.  We agree that the trial court erred in its initial determination that father was not required to prove a material change in circumstances in order to justify a modification of child support.  No legitimate rationale supports using separate standards for the modification of child support contained in a court-approved consent settlement and child support ordered by the court in accordance with the guidelines in Code § 20-108.2.

> Code § 20-109.1 provides, in pertinent part, as follows:
> > Any court may affirm, ratify and
> > incorporate by reference in its decree
> > dissolving a marriage or decree of divorce

3

whether from the bond of matrimony or from bed and board, or by a separate decree prior to or subsequent to such decree, <u>any valid agreement between the parties, or provisions thereof</u>, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. <u>Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree.</u>

(Emphasis added).  Pursuant to Code § 20-109.1, the court "'may accept a child support agreement [between the parties], in whole or in part, or it may completely reject the agreement and exercise its statutory right to determine support.'"  <u>Watkinson v. Henley</u>, 13 Va. App. 151, 157, 409 S.E.2d 470, 473 (1991) (quoting <u>Fry v. Schwarting</u>, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987)).[1]

"Once a child support award has been entered, only a showing of a <u>material</u> change in circumstances will justify modification of the support award.  The moving party has the burden of proving a material change by a preponderance of the evidence."  <u>Crabtree</u>

_____

[1]We recognize that, when ordering child support by entering a consent decree or by approving the child support provisions of a property settlement agreement, a trial court is required to consider the agreed amount and determine whether that amount serves the best interests of the child.  <u>See</u> <u>Watkinson</u>, 13 Va. App. at 158, 409 S.E.2d at 474.  In the instant case, the record fails to show that the trial court considered the statutory guidelines before entering the parties' original consent decree. However, neither party appealed the underlying 1994 consent order, and its validity is not now an issue.

4

v. Crabtree, 17 Va. App. 81, 88, 435 S.E.2d 883, 888 (1993) (emphasis added). "Code § 20-108 gives the divorce court continuing jurisdiction to change or modify its decree concerning the custody and maintenance of minor children, and a contract between husband and wife cannot prevent the court from exercising this power." Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). In cases involving a consent decree agreeing to child support or a property settlement agreement providing for child support, the court's continuing authority to modify child support may be exercised only upon a showing of a material change in circumstances. See id. at 444-47, 258 S.E.2d at 513-16 (holding that court had authority to modify a divorce decree incorporating a property settlement agreement and to order mother to pay child support when father showed a material change in circumstances); Watkinson, 13 Va. App. at 156-61, 409 S.E.2d at 472-75 (holding that court had authority to reduce father's child support obligation contained in the parties' consent decree if he proved a material change in circumstances). Additionally, "'[a] consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake.'" Durrett v. Durrett, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963) (emphasis added) (quoting Barnes v. American Fertilizer Co., 144 Va. 692, 720, 130 S.E. 902, 911 (1925)).

Although neither the Supreme Court of Virginia in

5

Featherstone nor this Court in Watkinson explicitly held that the material change of circumstances test for modification of child support should be utilized when an award is based on a consent decree or a property settlement agreement, both courts implicitly adopted this standard.[2] Thus, we agree with mother's contention that the trial court erred in its initial ruling that father was not required to prove a material change in circumstances because "the current Order of support was submitted by the consent of the parties." However, because the evidence supports the trial court's alternative finding that a material change was proven, this error was harmless.[3]

[2]Other jurisdictions have also held that a parent seeking modification of a child support award contained in a consent decree must show a change in circumstances. See, e.g., Dull v. Dull, 392 N.E.2d 421, 423 (Ill. App. Ct. 1979) ("[P]rovisions relating to child support payments, including those embodied in a consent decree, are always subject to modification by a court upon changed circumstances and to promote the best interests of the child."); McDaniel v. McDaniel, 670 So. 2d 767, 769 (La. Ct. App. 1996) ("[A] party seeking a modification of a child support award, including a consent decree, must establish a substantial change in the circumstances of one of the parties.").

[3]Father argues that the consent decree was void and that he was not required to show a material change in circumstances because "parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support." Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994). The agreement at issue in Kelley provided that the husband would never be responsible for child support and that the wife would never petition a court to receive child support. Id. The Supreme Court determined that the agreement as to child support was void and subject to collateral attack because "the children's rights to receive support from both parents were substantially abridged, and the court's power to decree support was diminished." Id. at 298, 449 S.E.2d at 56.
However, this case is distinguishable from Kelley. Unlike

## MATERIAL CHANGE IN CIRCUMSTANCES

The trial court found that, if father was required to prove a material change in circumstances, he met the threshold burden to get the issue before the court.  The evidence established that:  (1) mother had remarried; (2) her new husband provided some additional financial benefit to her and paid some of her expenses; and (3) mother had refused to help with the children's expenses after agreeing to do so at the time of the consent decree.[4]  The court found a material change in circumstances, correctly applied the child support guidelines of Code § 20-108.2, and awarded father the presumptive amount of child support.

"The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).  "[I]n order to entertain a petition to increase, decrease, or terminate child support, [a trial court must] . . . make a

---

the agreement in Kelley, the consent decree at issue in this case did not limit the court's continuing jurisdiction to modify child support or forever waive the children's right to support.  Thus, the consent decree was not void, was binding on the parties unless set aside on appeal, and was subject to modification only upon a showing of a material change in circumstances.

[4]The trial court also found that mother had not visited the children in accordance with the visitation schedule and that the children were one year older.  While these additional changes standing alone are not sufficient to prove a material change in circumstances, they may be considered.

threshold finding that a material change of circumstance has occurred since the last award or hearing to modify support." Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993). "[W]hen a judge determines that a material change of circumstance has occurred in the children's needs or the parents' abilities to provide for those needs and that a change in the amount of support is required, the initial step to determine how to modify the support award is to calculate the amount presumed to be correct according to the guidelines." Id. at 579, 425 S.E.2d at 813. Whether a parent is seeking a modification of support ordered in a consent decree, agreed to in a property settlement agreement incorporated by the court, or determined by the court in accordance with the guidelines, the trial court must first calculate the presumptive amount of support under the guidelines in Code § 20-108.2 and then determine whether deviation from the presumptive amount is required. Watkinson, 13 Va. App. at 158, 409 S.E.2d at 473-74. In Scott v. Scott, 12 Va. App. 1245, 408 S.E.2d 579 (1991), this Court held that, when the parties have agreed to child support, the trial court

> must determine the guideline amount and then may compare this amount with the provisions of the separation agreement. If the factors described in Code §§ 20-107.2 and 20-108.1 justify an award based upon the provisions of the separation agreement instead of the statutorily presumptive amount, it may then enter an award in the amount provided for in the separation agreement . . . .

Id. at 1249, 408 S.E.2d at 582. Thus, the starting point is the

presumptive amount of child support under the guidelines, not the agreed amount of child support under the consent decree.

In the instant case, mother orally agreed to help with the children's expenses, and her failure to do so was properly considered by the trial court in meeting the threshold burden of showing a material change in circumstances "in the children's needs or the parents' abilities to provide for those needs." Hiner, 15 Va. App. at 579, 425 S.E.2d at 813. Additionally, the remarriage of mother and the related economic impact of her remarriage may be considered a "material" change in circumstances justifying modification of the agreed amount of child support. We do not hold that a new spouse is required to support the other spouse's children, but we recognize that remarriage may change a parent's ability to provide support for his or her children by either increasing or decreasing that parent's expenses and by altering the utilization of the parent's own funds. The evidence established that mother remarried; that her new husband was employed; that he paid some of mother's bills; and that he made deposits into their joint checking account. The trial court determined that, if father was required to show a material change in circumstances, he met his burden because of mother's remarriage and her new husband's financial contributions to their household. We cannot say that the trial judge abused his discretion in finding mother's remarriage and its economic impact to be a material change in circumstances.

Accordingly, the decision of the trial court is affirmed.

*Affirmed*.

Benton, J., dissenting.


I concur in the portions of the opinion styled BACKGROUND and CONSENT DECREE. I do not agree, however, with the ruling that the trial judge's error was harmless or with the portion of the opinion styled MATERIAL CHANGE IN CIRCUMSTANCES.

When the parties divorced, they agreed that their children would live with the father and that the mother and father would have "joint custody." The children live with their father, whose income is in excess of $100,000. No evidence proved the children have financial need.

The father initiated this proceeding based upon his claim that the mother refused to pay for an automobile for the daughter and other bills. However, the consent decree does not require the mother to pay for an automobile or other general expenses the father incurs while the children are in his physical custody. The consent decree specifically states that "neither party will pay the other any child support" and "that each party shall split equally all un-reimbursed medical bills."

The father testified as follows concerning medical bills:

Q    Are there any other bills?

A    Doctor bills and dental bills.

Q    Have you submitted them through counsel?

A    No.

Q    So you haven't submitted or asked [the mother] to pay those at this time?

A    No, I have not asked her to pay them.

11

Clearly, the mother's failure to pay for the daughter's automobile and the medical bills she had not received could not give rise to a change in circumstances.

The undisputed evidence proved that the mother has attempted to maintain visitation with her children. However, the sixteen-year-old daughter refuses to visit the mother. The mother continues to visit the son, but her visits are limited because of the son's and the father's schedules. The evidence clearly established that the children's schedules and their wishes have caused changes in the mother's visitations. In any event, as the majority recognizes, those issues do not justify a change in the support provisions of the consent decree.

The consent decree resolved issues of custody, payments of expenses for the children, and provided that "neither party will pay to the other any child support." Nothing in the consent decree states that the agreement the parties reached was premised upon the mother's gross or net income or upon a consideration of her economic circumstances. Moreover, the trial judge did not make a finding of fact that the mother's remarriage improved her financial condition or her ability to pay child support. Indeed, on this record the trial judge could not have made such a finding because the only evidence of economic impact was as follows:

Q    Now you are married; are you not?

A    Yes. . . .

Q    Well, [your husband] helps you to pay some of the bills, doesn't he?

12

A     Yes, he does.

Q     So your expenses are less now than they were before you got married, correct? Because he helps pay the bills?

A     Well, actually it could be wrong in somebody else's eyes, but I maintain what I usually did now, and he maintains what he had from before.  So I still pay the bills, but he has income; yes, he does.

Q     He helps you pay some bills from the home?

A     Like I say.  I still continue to pay bills from before.

Q     What bills does he pay?

A     He has child support, he has to run his business expenses through.  I, as I say, we don't -- I don't know his income.  We haven't been married that long.  He maintains what he did before, and I guess whatever he makes over and above goes into savings for us both.  That's all I know.

Q     Do you have a joint checking account?

A     Yes.

Q     And he puts money into that joint checking account?

A     No.

Q     He doesn't put money in the joint checking account?

A     He has occasionally.  No -- well, he gives me money for his child support, yes, he does that.  And he has his own checking account.

Q     It's your testimony he never gives you money or puts it in that account?

A     I did not say never.  I say occasionally he has given me money for child support, and

13

because I have had a lot of bills coming in lately for different things, he helps me pay that. . . . Basically I still pay the bills with what I have, yes. And everything else has stayed in his account.

This evidence did not prove a change in the mother's financial circumstances sufficient to justify a change in the consent decree.

In reaching its decision, the majority also states that the mother's "failure [to help with the children's expenses] was properly considered by the trial court in meeting the threshold burden of showing a material change in circumstances." However, the trial judge did not and could not make a finding that the mother was obligated to pay expenses for the children that were not ordered in the consent decree. "'A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the Court, and is binding unless secured by fraud or mistake.'" Durrett v. Durrett, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963)(citation omitted). Thus, to the extent that the parties had an oral agreement regarding child support, it was supplanted by the consent decree.

In the present suit, there is no reason to construe the contract and to ascertain the intention of the contracting parties. The agreement of the parties is only incidentally involved, because, insofar as its effect on the divorce suit is concerned, the contract provisions pertaining to child support were supplanted by subsequent court orders in the divorce suit dealing specifically with that subject.

Eaton v. Eaton, 215 Va. 824, 827, 213 S.E.2d 789, 791 (1975).

14

Indeed, the consent decree specifically states "that neither party will pay to the other any child support" and "that each party shall split equally all un-reimbursed medical bills."  I find no basis to conclude that the mother was obligated to make any other payments and that her refusal to pay for an automobile for the sixteen-year-old child could be considered as a change in circumstances.

The trial judge's finding that the father proved a change in circumstances because the mother "has remarried and has used her current spouse's income to help pay her expenses" is tantamount to holding that the mother's new spouse must support the mother's children.  Although the majority disavows requiring the mother's new spouse to support her children, the effect of the ruling is precisely that.  Indeed, on the facts of this case, the majority's ruling, that "the remarriage of mother and the related economic impact of her remarriage may be considered a 'material' change in circumstances justifying modification of the agreed amount of child support," opens the door to requiring every spouse to contribute to the support of the other spouse's children from a previous marriage.  This decision is contrary to the well established principle that the mother's new husband has no obligation to support the mother's children from a prior marriage.  See T... v. T..., 216 Va. 867, 869, 224 S.E.2d 148, 150 (1976).  NPA v. WBA, 8 Va. App. 246, 249, 380 S.E.2d 178, 180 (1989).

The circumstances relied upon to justify a modification in the consent order are not material to support and do not justify a change in support.  For these reasons, I would hold that the evidence failed to prove the mother's re-marriage, her refusal to pay non-medical expenses, and the changes in visitation are material changes in circumstances that justified a change in child support.