COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued by teleconference


MARC A. PEDERSON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2070-97-4    JUDGE JERE M. H. WILLIS, JR.
                                          APRIL 28, 1998
PAMELA L. PEDERSON


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
             Barnard F. Jennings, Judge Designate

          Marc A. Pederson, pro se.

          John R. Powell (Pamela L. Pederson, pro se,
          on brief), for appellee.


     Marc A. Pederson (the father) appeals the trial court's
denial of his petition to modify child support.  He contends that
the trial court erred:  (1) by failing to enforce the terms of
the parties' parenting agreement; (2) in denying his motion
because he did not submit a statement of his income and expenses;
(3) in failing to impute income to Pamela L. Pederson (the
mother); and (4) in denying his motion to reconsider.  We affirm.

                              I.

     The parties executed a parenting agreement, which provides,
in part:

          [The mother] and [the father] agree that
          [the mother] shall continue to work
          part-time.  At their annual meeting in May,
          1998 they will discuss the feasibility of her
          resuming full-time employment.  Whenever [the
          mother] actually resumes full-time
          employment, they agree to recalculate their

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> child support obligations according to the
> Guidelines.

This agreement was incorporated into the parties' final decree of divorce which was entered on December 23, 1996. The decree awarded the parties joint legal and physical custody of their three minor children, and calculated child support based upon the mother's income from part-time employment.

In February, 1997, the mother informed the father that she intended to resume working full-time and in March, 1997, she resumed a full-time schedule. On March 21, 1997, the father filed a motion seeking modification of child support based upon the mother's resumption of full-time employment. Despite attempts at mediation, the parties were unable to reach an agreement on the amount of support. On April 25, 1997, the father renewed his motion.

On June 12, 1997, the mother returned to part-time work. On June 20, 1997, the father moved the trial court to calculate child support using the mother's full-time income.

On July 31, 1997, the trial court conducted a hearing, <u>ore tenus</u>, on the father's motion for modification of child support. Based upon the mother's temporary return to full-time employment, the father requested a reduction of his child support obligation from $307.54 to $26 per month.

The mother testified that she had undertaken full-time employment for financial reasons, but reverted to part-time status due to the children's emotional problems and the pending

legal matters. She testified that her employer had asked that she revert to part-time employment because she was missing work.

The trial court asked whether the father had prepared a statement of his income and expenses. The father replied that he did not have this information. The trial court denied and dismissed the father's motion for modification of child support. Thereafter, it denied his motion for reconsideration.

## II.

The father contends that the mother's resumption of full-time employment required modification of the parties' child support obligation. The parenting agreement provided that the parties would recompute child support according to the guidelines in Code § 20-108.2(B) when the mother resumed full-time employment. That agreement was incorporated into the final decree of divorce, and is enforceable as a term of the decree. See Code § 20-109.1.

The trial court recognized that the mother's return to full-time employment required recalculation of child support. "The starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed in the schedule found in Code § 20-108.2(B)." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). However, "[t]his amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved." Id.

The father presented no evidence of his income and expenses. Because Code § 20-108.2(B) requires competent evidence of the parties' gross combined income, the trial court was unable to calculate the presumptive amount of child support.

As the party moving for modification of child support, the father bore the burden of providing the information that would enable the trial court to recalculate his support obligation. Cf. Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (noting that movant seeking a payment reduction based upon his changed financial condition "must also make a full and clear disclosure about his ability to pay"). To hold otherwise would require a trial court to speculate as to the parties' gross incomes, or require a court to conduct subsequent proceedings at the expense of the litigants and judicial economy.

The trial court requested a statement of the father's income and expenses and provided him an opportunity to offer such evidence. Because the father failed to present the evidence necessary to apply the guidelines pursuant to the parties' agreement, we affirm the trial court's denial of his motion.

III.

The father contends that the trial court erred by failing to impute income to the mother. A finding that the mother was voluntarily underemployed might have justified a deviation from the amount prescribed by the guidelines. See Code § 20-108.1(B)(3); Bennett v. Commonwealth ex rel. Bennett, 22 Va.

App. 684, 691, 472 S.E.2d 668, 672 (1996); Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994).

However, where a party seeks modification of a child support award, "the trial court must first calculate the presumptive amount of support under the guidelines in Code § 20-108.2 and then determine whether deviation from the presumptive amount is required." Orlandi v. Orlandi, 23 Va. App. 21, 28, 473 S.E.2d 716, 720 (1996). Thus, the presumptive amount must be calculated before a deviation may be considered. See Code § 20-108.2(A). The father, the moving party, failed to present evidence enabling the trial court to determine the presumptive amount. Therefore, the trial court could not consider a deviation.

IV.

The father contends that the trial court erred in denying his motion to reconsider. Whether to grant this motion lay within the sound discretion of the trial court. The record demonstrates that both parties received a fair opportunity to present their evidence and argument. See Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986). We find no abuse of discretion in the denial of the motion to reconsider.

We affirm the judgment of the trial court.

Affirmed.