COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


E. ANTHONY SHIELDS

MEMORANDUM OPINION[*] BY
v.   Record No. 1277-97-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
JUNE 2, 1998

BARBARA R. SHIELDS


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

Ted Kavrukov (Kavrukov, Mehrotra & DiJoseph,
on brief), for appellant.

No brief or argument for appellee.


E. Anthony Shields (father) appeals the trial court's order modifying his child support obligation to Barbara R. Shields (mother).  Father contends the trial court erred in:  (1) recognizing and enforcing the parties' oral agreement to increase child support payments; and (2) ordering the modification to apply retroactively.  For the following reasons, we reverse.

I.

Father and mother were married in New York on October 29, 1986 and divorced in Virginia on January 9, 1992.  One child was born of the marriage on July 7, 1989.  Under the parties' separation and property settlement agreement dated January 16, 1991, they shared joint custody of the child, whose primary residence was with mother, and father had "liberal visitation."

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Father agreed to pay mother $525 per month in child support as well as to provide health insurance and a portion of certain related expenses.  Additionally, the parties "shall be entitled to re-negotiate the amount of child support for a change to commence on September 1, 1992."

Each party signed the agreement before a Notary Public, and Article XV provided that "No modification or waiver of any of the terms of this Agreement shall be valid unless in writing and executed with the same formality as this Agreement."

Mother subsequently filed a petition for child support in the District of Columbia Superior Court, and, on April 2, 1996, father filed a verified answer requesting dismissal on the ground that URESA prohibited a Washington, D.C. court from awarding child support that was already awarded in Virginia.  The District of Columbia Superior Court dismissed the petition.  On the same day, father also filed a verified statement for enrollment of the Virginia child support decree.  In both his verified answer and his verified statement, father stated:

> Since the execution of the Agreement in January of 1992, the parties have agreed to an initial increase of the support amount to Six Hundred dollars ($600.00) and, <u>more than one year ago</u>, again agreed to increase the support amount to Eight Hundred dollars ($800.00) per month.  [Father] is not delinquent in his payments of support and is currently continuing to pay $800.00 each month per agreement of the parties.

(Emphasis added).  Additionally, father's verified statement
> prays [the Superior] Court to [sic]:  (1) That the clerk register the Final Judgment of

Divorce incorporating the Property Settlement Agreement of the parties as a foreign child support order in the District of Columbia . . . [and] (2) That child support shall remain payable to [mother] directly in the amount of eight hundred dollars ($800.00) per month.

The record does not reveal the outcome of the action in the District of Columbia Superior Court.

On November 29, 1996, mother filed a motion for redetermination of child support and clarification of visitation rights in the Virginia trial court. Mother stated that the child's financial needs had changed, as had the ability of father to provide increased support. She also stated that father had failed to make payments in April 1995, June 1995, and August 1996. Mother requested that she be awarded child support in accordance with the statutory guidelines.

At a hearing on February 28, 1997, mother presented evidence of the parties' renegotiated agreement, including father's verified statement filed in the District of Columbia Superior Court. Father denied that the renegotiation had taken place. The trial court found "the parties renegotiated the amount [father] is required to pay for child support from $525.00 per month to $800.00 per month," and awarded mother $800 per month in child support. The trial court ordered father to pay the shortage of $275 per month for November 1996, December 1996, January 1997, and February 1997, when he paid only $525 per month. After the parties offered evidence on the arrearage, the

3

court also ordered father to pay $800 per month for April and June 1995, and $400 for August 1996.  Father's motion for reconsideration was denied on April 9, 1997.

## II.

Father contends the trial court erroneously recognized and enforced the parties' agreement to modify the child support amount because the agreement did not meet the formality requirements of their property settlement agreement and also failed to determine the presumptive guideline amount under Code § 20-108.2.  We hold that father's verified answer was a sufficiently formal writing to establish a material change in circumstances.  However, the trial court erred when it accepted the modification without first determining the presumptive guideline amount.

"'The trial court's decision, when based on an _ore_ _tenus_ hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'" Orlandi v. Orlandi, 23 Va. App. 21, 28, 473 S.E.2d 716, 719 (1996) (quoting Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)).  "In cases involving . . . a property settlement agreement providing for child support, the court's continuing authority to modify child support may be exercised only upon a showing of a material change in circumstances." Orlandi, 23 Va. App. at 26, 473 S.E.2d at 718-19.

In the instant case, the trial court found the parties had

4

renegotiated the amount of monthly child support from $525 to $800. Father's contention to the contrary notwithstanding, this finding was supported by the evidence, including mother's testimony and father's sworn statements submitted to the District of Columbia Superior Court. Father's signed statement of April 2, 1996 indicated that he was "currently continuing to pay $800 each month per agreement of the parties" and that the agreement was reached "more than one year ago." The parties' renegotiation constituted a material change in circumstances and justified modification of the child support award. Consequently, the trial court properly recognized the parties' agreement and determined that modification of the support award was warranted.

"[W]hen a judge determines that a material change in circumstance has occurred . . . the initial step to determine how to modify the support award is to calculate the amount presumed to be correct according to the guidelines." Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 813 (1993). "Thus the starting point is the presumptive amount of child support under the guidelines, not the agreed amount of child support." Orlandi, 23 Va. App. at 29, 473 S.E.2d at 720.

> Should the trial judge conclude that "application of such guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in [Code] §§ 20-107.2 and 20-108.1," the court may depart from the statutory schedule, provided the attendant order adequately explains the deviation.

Cooke v. Cooke, 23 Va. App. 60, 63, 474 S.E.2d 159, 160 (1996)

5

(quoting Code § 20-108.2(A)).  "Because these factors may be reflected in the [parties'] . . . agreement, the agreement may therefore be the basis for deviating from the guidelines." Moreno v. Moreno, 24 Va. App. 227, 234, 481 S.E.2d 482, 486 (1997).

Here, no evidence established that the trial court calculated the presumptive amount of child support under the guidelines.  Instead, the trial court recognized the parties' agreement and modified the award to reflect the agreed amount. Although the agreement may have provided grounds for deviation from the guideline amount, see id., the trial court's failure to calculate the presumptive amount of support first was error.

Consequently, we reverse the award of child support and remand the issue to the trial court for proceedings consistent with this opinion.[1]

Reversed and remanded.

---

[1]Additionally, father contends the trial court erroneously ordered retroactive modification of child support.  Because we reverse on other issues, it is unclear whether this question will arise on remand.  However, we note that any modification of a child support award could become effective "only from the date that notice of [mother's] petition has been given to the responding party."  Code § 20-74.