COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


GLEN S. SINES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0233-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JANUARY 29, 2002
KATHERINE S. SINES


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     R. Terrence Ney, Judge

        Carl P. Horton for appellant.

        (Dana James Carlson; Hale, Hassan, Carlson &
        Penn, P.L.C., on brief), for appellee.


    Glen Sines (husband) appeals the trial court's decision

denying his request for modification of his child support

payment to Katherine S. Sines (wife).  He contends that (1) the

trial court erred in using the June 18, 1999 consent decree as

the date to measure the requisite change of circumstances and

(2) it was an abuse of discretion to grant wife's motion to

strike for husband's failure to prove a material change of

circumstances warranting a reduction in support.  Finding no

error, we affirm.[1]

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Husband lists six questions presented, but they are
subsumed in those listed.

## I.  BACKGROUND

"On review, we consider the evidence in the light most favorable to the party prevailing in the trial court." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 31 (1989).

So viewed, the evidence established that on January 31, 1996, the parties entered into an agreed support order that required husband to pay for the parties' two children "One Thousand Dollars ($1,000.00) per month, beginning January 7, 1996, and to be paid on the 7th day of each month thereafter until each child attains the age of eighteen (18), dies, marries or otherwise becomes emancipated."  On June 18, 1999, the trial court entered a new consent order which stated in paragraph six that, "Neither party shall seek a modification of support based upon the change in [sic] current visitation schedule to the proposed schedule, except as for the actual child care expenses."  On August 1, 2000, husband filed a motion to reduce the child support payments on the ground that a change of circumstances had occurred since entry of the June 18, 1999 consent decree.

On December 7, 2000, the trial court heard appellant's motion to reduce child support.  As the basis for his request to reduce his support, husband argued that there had been an increase in wife's income, a reduction in her child care expenses, and an increase in his child care expenses because of

- 2 -

his increased time with the children. Husband in his request for modification, as well as at the hearing, used the June 18, 1999 consent order as the benchmark to determine a change of circumstances.

The trial court noted that the consent order entered into by the parties barred husband's current argument that a change in husband's time with the children could be used as a basis for a change in child support. The court stated "[i]f Mr. Sines can testify to an increase in child care expenses since June 18, 1999, I'll permit him to do so; but it has got to be a specific item . . . ." The court then specified, "[i]t has got to be employment-related child care expenses." Husband responded that he "has none."

Wife, who was called as husband's first witness, testified that after the June 18, 1999 consent order, she worked part time as a waitress in addition to her employment at Dudley Martin Chevrolet where she received a $1.06 per hour raise and $540 in overtime. She projected her salary as a waitress to be approximately $3,300 per year. Wife stated that her mother, who took the children to school, had mechanical problems with her car which required wife to purchase a truck for her mother so that the children would have a reliable source of transportation to and from school. The monthly payment on the truck was $289 per month. The evidence established that husband's income had

increased at a rate greater than wife's and that his day-care obligations had not increased.

The trial court found that husband failed to prove the material change in circumstances necessary to allow modification of child support and granted wife's motion to strike. The trial court's finding was "based upon the circumstances having changed since June of 1999." Using that benchmark date and looking at the evidence presented, the court commented that, "not any single one of the points, shows that the burden has been met to show that a change of circumstances has been warranted." The judge stated that "Mr. Sines recognizes that the benchmark for examining the change of income is from June of 1999." The court found that husband had no child care expenses and that wife's purchase of the truck was not a gift and was a child care expense. Finally, using the June 18, 1999 date, the trial court found that the increase in wife's yearly income from $32,240 to $34,445 at Dudley Martin Chevrolet and the $3,300 from her job as a waitress "is not material."

## II.  STANDARD OF REVIEW

"'The trial court's decision, when based upon an <u>ore</u> <u>tenus</u> hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'" <u>Orlandi v. Orlandi</u>, 23 Va. App. 21, 28, 473 S.E.2d 716, 719 (1996) (quoting <u>Venable v. Venable</u>, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)).

III.  MOTION TO STRIKE APPELLANT'S CASE

"The standard under which a trial court should review the evidence adduced at trial before granting a motion to strike the case at the end of a plaintiff's evidence is well settled under prior decisions of this Court. That standard requires the trial court to accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a jury might draw therefrom which would sustain the plaintiff's cause of action.  The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense."

Claycomb v. Didawick, 256 Va. 332, 335, 505 S.E.2d 202, 204 (1998) (citation omitted).  "In cases involving a consent decree agreeing to child support or a property settlement agreement providing for child support, the court's continuing authority to modify child support may be exercised only upon a showing of a material change in circumstances." Orlandi, 23 Va. App. at 26, 473 S.E.2d at 718-19 (emphasis added).  "'[I]n order to entertain a petition to increase, decrease, or terminate child support, [a trial court must] . . . make a threshold finding that a material change of circumstance has occurred since the last award or hearing to modify support.'"  Id. at 28, 473 S.E.2d at 719-20 (quoting Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993)).  "[W]here no material change in circumstance has occurred since the last modification hearing in which the support guidelines presumably had been considered, the principles of res judicata bar the trial judge from reconsidering the child support

- 5 -

award." Hiner, 15 Va. App. at 577, 425 S.E.2d at 812. Hence, a material change of circumstance is "a condition precedent to the modification of child support." Head v. Head, 24 Va. App. 166, 175, 480 S.E.2d 780, 785 (1997). "In a petition for modification of child support and spousal support, the burden is on the moving party to prove a material change in circumstances that warrants modification of support." Richardson v. Richardson, 31 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999).

Husband first contends that the trial court should have used the date of the initial support order, January 7, 1996, rather than June 18, 1999, the date of the most recent order to determine the time period for proof of a material change in circumstances. This argument is without merit, and husband cites no authority for this proposition.

In his motion to reduce child support, husband asserted that, "there has been a change in circumstances since entry of that [June 18, 1999] order . . . ." Further, he stipulated for the record that the June 18, 1999 date was the appropriate date to measure a change of circumstances when he said, "Judge, I did that," in response to the trial court's question about the date.

> "The [appellant] having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979), cert. denied, 444 U.S. 1049, 100 S. Ct. 741, 62 L.Ed.2d 736 (1980). "No litigant . . . will be permitted to approbate and reprobate -- to invite error . . . and then to take advantage

- 6 -

> of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), cert. denied, 490 U.S. 1028, 109 S. Ct. 1766, 104 L.Ed.2d 201 (1989).

Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992). Thus, the evidence for a modification of husband's support obligations was properly measured from that date.

Husband next contends that the trial court erred in granting the motion to strike because the evidence as a matter of law proved a material change of circumstances. We disagree. Credible evidence supports the trial judge's findings that while there had been some change in income, it was not material. Although wife had an increase in salary, husband's salary had increased to a greater extent. The court found husband had no day-care expenses because "[h]e so testified under oath." The trial court further found that the purchase of the truck was not a gift and, thus, wife's child care expenses were not reduced. The trial court was not plainly wrong in its determination that no change of circumstances existed.

Next husband argues that the June 18, 1999 consent order violates the rule enunciated in Kelley v. Kelley, 248 Va. 295, 449 S.E.2d 55 (1994), that parents cannot contract away their

children's right to support.  This argument is barred by Rule

5A:18 as it was not presented to the trial court.[2]

### IV.  ATTORNEY'S FEES

"An award or denial of attorney's fees is a matter committed

to the sound discretion of the trial court."  Alphin v. Alphin, 15

Va. App. 395, 406, 424 S.E.2d 572, 578 (1992).  "The key to a

proper award of fees is 'reasonableness under all of the

circumstances revealed by the record.'"  Ragsdale v. Ragsdale, 30

Va. App. 283, 297, 516 S.E.2d 698, 705 (1999) (quoting Westbrook

v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)).

We find no abuse of discretion in the award of attorney's fees at

trial as wife was the prevailing party and the record shows need

and ability to pay.  Wife has requested attorney's fees for

matters relating to this appeal.  Also, upon consideration of the

entire record in this case, we hold that wife is entitled to a

reasonable amount of additional attorney's fees, and we remand for

an award of further costs and counsel fees incurred in this

appeal.

---

[2] Husband also argues that the trial judge erred in failing to consider the presumptive amount of child support.  The record shows that the trial court did consider the guidelines submitted by counsel; however, because appellant failed to show a material change of circumstances, no further action on the guidelines was necessary.

For the foregoing reasons, we affirm the trial court's grant of the motion to strike and remand for consideration of counsel fees on appeal.

<u>Affirmed and remanded.</u>