**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210019-U

Order filed July 22, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| MAUREEN THERESE BALL, | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-21-0019 |
| and | ) | Circuit No. 15-D-440 |
| | ) | |
| DALE CLIFTON BALL, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Derek Ewanic, |
| | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because the parties' marital settlement agreement was not modifiable under the circumstances alleged by the respondent in his motion for modification of maintenance, the circuit court properly dismissed the respondent's motion.

¶ 2    The respondent, Dale Clifton Ball, filed a motion seeking the modification of his maintenance obligation to the petitioner, Maureen Therese Ball. The circuit court granted Maureen's motion to dismiss, ruling that the parties' marital settlement agreement was not

modifiable under the circumstances alleged by Dale in his motion. On appeal, Dale argues that the court erred when it granted Maureen's motion to dismiss. We affirm.

¶ 3                                            I. BACKGROUND

¶ 4        On March 10, 2015, Maureen filed a petition for dissolution of marriage from Dale. The parties had been married since 1992 and had two children together, R.C.B. (born in June 1995) and J.T.B. (born in July 2000).

¶ 5        The circuit court entered a judgment for dissolution of marriage on July 10, 2015, which incorporated the parties' marital settlement agreement (Agreement). The Agreement contained a provision regarding maintenance that stated, in relevant part, that "the Wife shall be awarded Maintenance in the amount of $4,700.00 per month beginning upon the entry of a Judgment for Dissolution of Marriage and continuing on a monthly basis as and for permanent spousal support." Further, the Agreement contained the following provision regarding the termination of maintenance:

> "Except as otherwise provided herein, the Husband's
> obligation to pay and the Wife's right to receive maintenance
> payments required by this Agreement shall terminate upon the first
> to occur of the following events
>
>     a       The death of either party,
>
>     b       The remarriage of the Wife, or,
>
>     c       If the Party receiving maintenance cohabitates with
> another person on a residential continuing conjugal basis, as found
> by a court of competent jurisdiction upon proper notice, petition
> and hearing."

2

¶ 6        In addition, the Agreement contained the following two provisions in its section titled "Construction of Agreement and General Provisions":

> "10.5   The parties may not amend or modify this agreement other than by subsequent written agreement dated and signed by both.   No oral agreement shall be effective to modify or revoke any terms or conditions of this Agreement.

> "10.6   The provisions of this contract shall not be subject to further modification by any Court, except with the mutual consent of the parties, absent a showing of fraud, duress or coercion using the same standards and burdens of proof as set forth in the Illinois Code of Civil Procedure."

¶ 7        On August 10, 2020, Dale filed a motion seeking a modification of the maintenance award contained in the Agreement based on his allegation that as of July 10, 2020, he had been terminated from his employment.  Maureen filed a motion to dismiss Dale's petition, alleging that the modification he requested was barred by the Agreement.

¶ 8        On December 8, 2020, the circuit court held a hearing on the matter.  The court found that provisions 10.5 and 10.6 of the Agreement applied to the maintenance award such that modification was prohibited unless both parties agreed to it in writing.  Accordingly, the court dismissed Dale's motion.

¶ 9        Dale appealed.

¶ 10                                II. ANALYSIS

¶ 11        On appeal, Dale argues that the circuit court erred when it granted Maureen's motion to dismiss his motion for modification of the maintenance award.  Specifically, he claims that the

court's reliance on provisions 10.5 and 10.6 of the Agreement was misplaced because "permanent" maintenance, as it was referred to in the Agreement, is modifiable under Illinois law.

¶ 12     "A marital settlement agreement is construed in the manner of any other contract, and the court must ascertain the parties' intent from the language of the agreement." *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009). We review the interpretation of a marital settlement agreement's provisions *de novo*. *Id.*

¶ 13     Parties to a dissolution action are permitted by statute to enter into agreements regarding matters such as maintenance. 750 ILCS 5/502(a) (West 2014). At the time of the Agreement in this case, section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/502(f) (West 2014)) provided, in relevant part, that "the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides." *Id.*

¶ 14     In this case, the parties clearly provided in section 2 of the Agreement that Dale would pay Maureen $4,700 per month in permanent maintenance and that maintenance was terminable only if one of three events occurred (death of a party, Maureen's remarriage, or Maureen cohabitating with another person). As if those provisions were not already clear, the Agreement contained a section of provisions unambiguously applicable to the entirety of the Agreement, including provision 10.5, which stated that "[t]he parties may not amend or modify this agreement other than by subsequent written agreement dated and signed by both," as well as provision 10.6, which stated that "[t]he provisions of this contract shall not be subject to further modification by any Court, except with the mutual consent of the parties, absent a showing of fraud, duress or coercion using the same standards and burdens of proof as set forth in the Illinois Code of Civil Procedure." Dale's argument that the Agreement's use of the word "permanent"

4

when referring to maintenance in section 2 somehow superseded or rendered null provisions 10.5 and 10.6 is entirely disingenuous.  See, *e.g.*, *In re Marriage of Scarp*, 2022 IL App (1st) 210711, ¶¶ 13-15 (holding that an agreement's "catchall" provision that the agreement was not modifiable clearly applied to the entirety of the agreement, including the section providing for maintenance); see also *In re Marriage of Schweitzer*, 289 Ill. App. 3d 425, 429 (1997) (rejecting an argument that if the parties had intended a maintenance award to be non-modifiable, they would have had to include, in the section on maintenance, the agreement's catchall provision that its terms were not modifiable).  Because Dale's motion sought a modification of maintenance inconsistent with the Agreement, we hold that the circuit court did not err when it granted Maureen's motion to dismiss.

¶ 15                                    III. CONCLUSION

¶ 16          The judgment of the circuit court of Will County is affirmed.

¶ 17          Affirmed.

5